**UNITED STATES, Appellee,**

v.

**Specialist Michael M. KAOPUA, 575–13–9299, United States Army, Appellant.**

**ACMR 9000872.**

U.S. Army Court of Military Review.

30 Aug. 1991.

For Appellant: Captain Alan M. Boyd, JAGC, Captain Deborah C. Olgin, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain Marcus A. Brinks, JAGC (on brief).

Before FOREMAN, HAESSIG and HAGAN, Appellate Military Judges.

## OPINION OF THE COURT

HAESSIG, Judge:

A general court-martial composed of officer and enlisted members convicted the appellant, consistent with his pleas, of conspiracy to distribute marijuana, manufacturing marijuana, and distributing marijuana in violation of Articles 80 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 912a (1982 & Supp V 1987). His approved sentence includes a bad-conduct discharge, confinement for one year, total forfeitures, and reduction to the grade of Private E1.

■ The appellant argues that the court-martial which tried him did not have jurisdiction because the military judge failed to ensure that the names and ranks of the members present were announced on the record as required by Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 813(a)(4) [hereinafter R.C.M.].

■ We have previously held that such a failure is not jurisdictional. *United States v. Fell*, 33 M.J. 628 (A.C.M.R.1991). Further, reversal is not required when there are facts in the record of trial from which it may be inferred that the court-martial which tried the appellant was properly constituted. *See United States v. Wheatcraft*, 23 M.J. 687 (A.F.C.M.R.1986), *petition denied*, 24 M.J. 54 (C.M.A.1987). Such facts exist here.

First, before assembling the court, the military judge asked the trial counsel "are all the jurors here?" The trial counsel answered "Yes, sir." This exchange shows that a preliminary check had been made of the identities of those persons waiting to assume duties as detailed court-martial members, and that they were properly identified as the persons named in the convening orders. Second, when the members entered the courtroom, the trial counsel announced that "copies of the convening orders have been furnished to the military judge [and] each member of the court." No member noted any errors in the personal identifying data contained in the convening orders, which shows that the members present were those identified in the convening orders. Third, two officer members,

one of whom was successfully challenged and withdrew, and one enlisted member were identified in the convening orders and were identified on the record as being present. This shows that the court-martial panel listed on Court–Martial Convening Order Number 2 as amended by Court–Martial Convening Order Number 29 was present. Fourth, the military judge's comment during his instructions on sentence that seven members were present shows that the remaining five members noted on the convening orders were present. Fifth, there was no defense objection to the composition of the court either at the trial level or before us. Finally, there is no allegation that any member who sat was an interloper, nor that the appellant was prejudiced in any way. Article 59a, Uniform Code of Military Justice, 10 U.S.C. § 859a (1982).

We find that the seven members appointed by Court–Martial Convening Order Number 2 as amended by Court–Martial Convening Order Number 29, heard the appellant's case, and hold that the court-martial which tried the appellant was properly constituted and, therefore, had jurisdiction.

■ Government appellate counsel have moved the admission of an affidavit by trial counsel containing his recollection of the composition of the court-martial. We rejected that affidavit. *See generally United States v. Perkinson*, 16 M.J. 400, 402 (C.M.A.1983) ("[w]e have clearly signalled our disinclination 'to endow with a presumption of regularity' an 'eleventh hour affidavit' to save 'an otherwise sinking record' "), and cases cited therein; *Longhofer v. Hilbert*, 23 M.J. 755, 759 (A.C.M.R.1986) ("this court has recently expressed its intention to curtail sharply appellate litigation through the use of affidavits"), and cases cited therein.

The findings of guilty and the sentence are affirmed.

Senior Judge FOREMAN and Judge HAGAN concur.