UNITED STATES, Appellee

v.

**William G. McELROY, Airman First Class, U.S. Air Force, Appellant.**

No. 93–0946.
CMR No. 29327.

U.S. Court of Military Appeals.

Argued May 5, 1994.

Decided Sept. 19, 1994.

Appellant: *Captain Eric N. Eklund* (argued); *Colonel Jay L. Cohen* (on brief); *Colonel Terry J. Woodhouse and Captain David D. Jividen.*

Appellee: *Captain Jane M.E. Peterson* (argued); *Colonel Jeffery T. Infelise* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

Appellant was tried by a general court-martial composed of officers at Yokota Air Base, Japan, on March 13 and 14, 1991. Pursuant to his pleas, he was found guilty of larceny (3 specifications), attempted larceny, driving while drunk, impersonating a non-commissioned officer, and dishonorable failure to pay a just debt, in violation of Articles 121, 80, 111, and 134, Uniform Code of Military Justice, 10 USC §§ 921, 880, 911, and 934, respectively. He was sentenced to a bad-conduct discharge, confinement for 4 years, total forfeitures, and reduction to the lowest enlisted grade. On May 31, 1991, the convening authority approved the sentence. On February 24, 1993, the Court of Military

Review affirmed the findings and sentence in an unpublished opinion.[1]

 This Court granted review of the following issues:

## I

WHETHER THE COURT–MARTIAL LACKED JURISDICTION TO TRY APPELLANT SINCE IT WAS IMPROPERLY CONSTITUTED.

## II

WHETHER THE MILITARY JUDGE ERRED, TO THE SUBSTANTIAL PREJUDICE OF APPELLANT, WHEN HE ERRONEOUSLY INSTRUCTED THE MEMBERS THAT, EVEN IF A PUNITIVE DISCHARGE WERE IMPOSED, APPELLANT WOULD BE ENTITLED TO "VESTED" VETERANS' BENEFITS FROM PRIOR ENLISTMENTS.

We hold that the military judge's failure to have announced the names and ranks of the court-martial members sitting in appellant's case was harmless error. Art. 59(a), UCMJ, 10 USC § 859(a). Furthermore, we hold that the military judge's sentencing instructions which characterized appellant's veterans' benefits as "vested" were substantially correct and did not prejudice him. *See United States v. Goodwin*, 33 MJ 18 (CMA 1991), and *Waller v. Swift*, 30 MJ 139 (CMA 1990).

The record of trial in this case contains a convening order delineated Special Order AB–14 dated March 5, 1991. It states, *inter alia:*

A general court-martial is hereby convened. It may proceed at Yokota Air Base, Japan, to try such persons as may be properly brought before it. The court will be constituted as follows:

Col David M. Reed
Col Laurence M. Jones
Lt Col John D. Power
Lt Col Joseph L. Edwards

Lt Col Dean H. Haylett
Major Jerry L. Pippins, Jr.
Capt Robert L. Mason
Capt Barbara S. Fink
Capt Gary N. Carlton

During a session under Article 39(a), UCMJ, 10 USC § 839(a), prior to entry of pleas, trial counsel referred to this order which was attached to the record. He stated:

TC: This court is convened by Special Order AB–14, Headquarters Fifth Air Force dated 5 March 1991, copies of which have been furnished to the military judge, counsel, the accused and to the reporter for insertion at this point in the record. The charges have been properly referred to this court for trial. Lieutenant General J.B. Davis was in command at the time of the referral of the charges and specifications and is still in command. The charges were served on the accused on the 7 March 1991. The prosecution is ready to proceed with the trial in the case of the *United States versus Airman First Class William G. McElroy*, who is present in court.

\* \* \*

The members named in the convening order are absent.

After entry and acceptance of appellant's pleas of guilty, the sentencing portion of his court-martial began. The following discussion appears in the record:

MJ: Trial counsel, if you will please—I'm sorry. The accused in this case is Airman First Class William C. McElroy. Trial Counsel, please review the convening orders with the members of the court.

TC: Yes, sir. This court is convened by Special Order Number AB–14, Headquarters, Fifth Air Force, dated 5 March 1991, a copy of which has been furnished to each member of the court. Would each of you please examine your copy of

1. We note that Volumes II–V of the Record of Trial filed in this Court have nothing to do with the case dealt with in this opinion. Why those extraneous volumes have been filed here is a

mystery. If judicial notice had been taken of the earlier record, it is not necessary to include that record with the present record, so long as it is available upon request.

the order carefully and tell me if there are any errors or corrections to be made.

MEM: (Captain Mason) Correction. On MAJCOM designation it is not AFCC, but it is PACAF.

MJ: Thank you, Captain Mason. Any other corrections we need to make? Apparently not. The one correction will be noted and placed in the record at the appropriate places.

TC: The prosecution is ready to proceed with the trial in the case of the *United States versus Airman First Class William G. McElroy* who is present in court.

MJ: Thank you, counsel. *I would just like to note for the record that all members are present.* The members will now be sworn. All persons will please rise. (All persons rose and the members were sworn by the trial counsel.)

MJ: Thank you. You may be seated. The court is now assembled.

(Emphasis added.)

*Voir dire* by the parties and the military judge was then conducted. Peremptory challenges and challenges for cause were then made by the parties and acted on by the judge. The record then states:

MJ: Very well. The colonel will be excused from the panel. Before we adjourn this 39(a) session, is there anything else that we can take up prior to checking to see on the status of our members?

TC: Not that I'm aware of, sir.

DC: No, sir.

MJ: Very well. I believe we told them not to be here until 0830 and we're running just a tad ahead of schedule so we'll take a recess sufficient to have all the members. In the meantime, let's go ahead and do the reordering of the panel. And trial counsel, just make sure that the two excused members, Colonel Jones and Major Pippins, are instructed that they have been excused. Of course, thank them for their time. We are adjourned.

(The Article 39(a) session was adjourned at 0825 hours, 14 March 1991, and the court was called to order at 0832 hours, 14 March 1991, with all parties to the trial present who were present when the Article 39(a) session adjourned. The members were present.)

TC: I note for the record that Major Pippins and Colonel Jones have been excused.

MJ: And Colonel Reed as well, although I think we had that on the record yesterday.

The president of this court-martial later asked the judge about the effects that a bad-conduct discharge and a dishonorable discharge would have on appellant's ability to receive veterans' benefits, specifically medical treatment. The military judge instructed the members that it is not the practice of courts-martial to be concerned with the administrative effects of various discharges. Nevertheless, the military judge said in part:

This court may adjudge a dishonorable discharge or a bad-conduct discharge. Such a discharge deprives one of substantially all benefits administered by the Department of Veterans Affairs and for that matter by the Department of the Air Force that are based on the current term of service. *However, vested benefits from a prior period of honorable service are not forfeited by receipt of a dishonorable discharge or bad-conduct discharge that would terminate the accused's current term of service.*

(Emphasis added.)

I

COURT-MARTIAL JURISDICTION

Appellant initially claims that the court-martial which sentenced him was improperly constituted. He asserts that RCM 813(a)(4), Manual for Courts–Martial, United States, 1984, requires that a military judge "ensure" that the "names and ranks" of all present members are "announced" on the record. *Cf.* RCM 901(b). He then argues that the military judge's failure to comply with this provision created an impermissible doubt concerning the precise composition of his

court-martial. *Cf. United States v. Fell,* 33 MJ 628, 632 (ACMR 1991).

RCM 813(a) states:

(a) *Opening sessions.* When the court-martial is called to order for the first time in a case, the military judge shall ensure that the following is announced:

\* \* \*

(4) The names and ranks of the members, if any, who are present.

(5) The names and ranks of members who are absent, if presence of members is required.

RCM 901(b) further states:

(b) *Announcement of parties.* After the court-martial is called to order, the presence or absence of the parties, military judge, and members shall be announced.

*See generally* Art. 36(a), UCMJ, 10 USC § 836(a).

We initially note that this was a guilty-plea case at an Article 39(a) session. The military judge accepted appellant's pleas of guilty and entered findings of guilty in accordance therewith. The members, however, were not required to be present at the Article 39(a) session which constituted the findings portion of this court-martial. *See* RCM 803 and 805. *See generally* RCM 911. Accordingly, no error occurred under RCM 813(a)(4) when the military judge failed to announce the names and ranks of the detailed members at that time.

The military judge then adjourned the Article 39(a) session. Some 51 minutes later he called the court-martial to order for the first time to conduct the sentencing portion of this court-martial. He then announced that all members detailed were present. He permitted *voir dire,* excused three members, and

expressly noted their absence. Although such action constituted compliance with RCM 901(b), we conclude that the military judge's failure to have the names and ranks of members announced at this time violated RCM 813(a)(4). *See* Drafters' Analysis of RCM 813 and 901, Manual, *supra* at A21–45. *See also* para. 61c, Manual for Courts–Martial, United States, 1969 (Revised edition).

Such error does not require reversal of appellant's sentence. In his case, there was no objection by defense counsel to the military judge's failure to announce this information at that time. *See* RCM 905(e).[2] Moreover, the names and ranks of the members who sat in this case are readily apparent from this record even without formal announcement by the military judge.[3] Finally, appellant has not offered any evidence that his panel contained an interloper or that any member who should have sat on his case was absent or that he otherwise suffered any prejudice. Accordingly, we find any error by the judge in this regard to be harmless. Art. 59(a). Of course, our conclusion in no way diminishes the duty of military judges to comply with RCM 813(a)(4).

## II

### SENTENCE INSTRUCTIONS

Appellant next asserts that the military judge's instructions to the members concerning "vested" veterans' benefits were erroneous and unfairly prejudiced him with respect to the punitive discharge which he received. In particular, he cites a letter from the Assistant General Counsel of the Department of Veterans Affairs, and he asserts "that there is no such thing as 'vested benefits.'" Appellant argues that the members of his court-

---

2. RCM 905(e), Manual for Courts–Martial, United States, 1984 (Change 4), states:

(e) *Effect of failure to raise defenses or objections.* Failure by a party to raise defenses or objections or to make motions or requests which must be made before pleas are entered under subsection (b) of this rule shall constitute waiver. The military judge for good cause shown may grant relief from the waiver. Other motions, requests, defenses, or objections, except lack of jurisdiction or failure of a charge to allege an offense, must be raised

before the court-martial is adjourned for that case and, unless otherwise provided in this Manual, failure to do so shall constitute waiver.

3. *See United States v. Fell,* 33 MJ 628, 632–34 (ACMR 1991), *citing United States v. Wheatcraft,* 23 MJ 687 (AFCMR 1986), *pet. denied,* 24 MJ 54 (1987); and *United States v. Staton,* 48 CMR 250 (ACMR 1974)); *United States v. Kaopua,* 33 MJ 712 (ACMR 1991).

martial "were mislead into believing that adjudicating a punitive discharge against [him] would not affect his veterans' benefits" resulting from his prior service. Final Brief at 7.

■ We first note that the general rule at courts-martial is that instructions on collateral administrative consequences of a sentence should be avoided. *United States v. Griffin*, 25 MJ 423, 424 (CMA), *cert. denied*, 487 U.S. 1206, 108 S.Ct. 2849, 101 L.Ed.2d 886 (1988).[4] Defense counsel in this case, however, stated that he had no objection to the military judge's sentencing instructions. RCM 1005(f).[5] In these circumstances, we will not set aside a sentence based on an erroneous instruction unless it constitutes plain error.

In this regard, we conclude that appellate defense counsel's construction of the Assistant General Counsel's letter is somewhat broad. This letter more narrowly states:

> We note initially that VA benefits, which are gratuitous in nature do not "vest" in the sense that a right to such benefits can be thought to exist prior to application therefor and adjudication of entitlement by VA.

The challenged instructions, however, do not define what "vested" means, and we do not construe them to reasonably suggest a meaning contrary to that noted above. Accordingly, accepting this technical definition of the word "vested," we are still not persuaded that the judge's instructions in this case clearly or substantially misled the members. *See United States v. Goodwin*, 33 MJ 18 (CMA 1991); *Waller v. Swift*, 30 MJ at 144.

Finally, the above letter proceeds to state that "unless the Secretary of Veterans Affairs determines [under § 6105] that an individual is guilty of" a particular offense (mutiny, treason, sabotage, assisting the enemy, sedition, spying etc.) "a discharge under dishonorable conditions does not bar that individual from receiving gratuitous benefits administered by VA, including burial in a national cemetery, based on a prior period of service which terminated under conditions other than dishonorable." We also recognize that appellant's offenses do not include acts of disloyalty toward the United States or its allies which may bar his eligibility for receiving benefits. *See* 38 USC §§ 6103(d)(1), 6104, and 6105(b). Thus, while the instruction given by the military judge might not be applicable in all cases, the message conveyed to the members in this case was substantially accurate.

The decision of the United States Air Force Court of Military Review is affirmed.

Judges COX, CRAWFORD, GIERKE, and WISS concur.

---

4. There we stated that

the general rule concerning collateral consequences of a sentence is that "courts-martial [are] to concern themselves with the appropriateness of a particular sentence for an accused and his offense, without regard to the collateral administrative effects of the penalty under consideration." *United States v. Quesinberry,* 12 USCMA 609, 612, 31 CMR 195, 198 (1962). We see no need to relax this rule today.

5. This rule provides:

(f) *Waiver.* Failure to object to an instruction or to omission of an instruction before the members close to deliberate on the sentence constitutes waiver of the objection in the absence of plain error. The military judge may require the party objecting to specify in what respect the instructions were improper. The parties shall be given the opportunity to be heard on any objection outside the presence of the members.