UNITED STATES, Appellee,

v.

Michael R. GRILL, Staff Sergeant,
U.S. Air Force, Appellant.

No. 97–0626.
Crim.App. No. 32218.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 13, 1998.

Decided June 1, 1998.

For Appellant: *Major Kevin P. Koehler* (argued); *Colonel Douglas H. Kohrt* (on brief); *Lieutenant Colonel Kim L. Sheffield.*

For Appellee: *Captain Steven D. Dubriske* (argued); *Colonel Brenda J. Hollis* and *Lieutenant Colonel Michael J. Breslin* (on brief).

*Opinion of the Court*

EFFRON, Judge:

In accordance with his pleas, appellant was convicted by a general court-martial composed of officer and enlisted members of conspiracy to distribute anabolic steroids and of one specification each of use, distribution, and importation of anabolic steroids, in violation of Articles 81 and 112a, Uniform Code of Military Justice, 10 USC §§ 881 and 912a, respectively. He was sentenced to a bad-conduct discharge, confinement for 6 months, forfeiture of $200.00 pay per month for 2 months, and reduction to E–3. The convening authority approved these results, and the Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

This Court granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRONEOUSLY RESTRICTED THE CONTENT OF APPELLANT'S UN-SWORN STATEMENT TO THE SUB-

STANTIAL PREJUDICE OF APPEL-LANT.

For the reasons stated below, we hold that the restrictions imposed by the military judge on the right of appellant to make an unsworn statement during sentencing constituted prejudicial error.

## I

RCM 1001, Manual for Courts–Martial, United States (1995 ed.), provides that, during the sentencing proceeding, the defense may present testimony by the accused and other witnesses who are subject to cross-examination. In addition, RCM 1001(c)(2)(C) provides that the accused "may make an unsworn statement and may not be cross-examined by the trial counsel upon it or examined upon it by the court-martial." The prosecution may introduce evidence to rebut any statement of facts in the unsworn statement. The unsworn statement may be presented by the accused, counsel, or both; and it may include either an oral or a written presentation, or both. *Id.*

This right of an accused to make an unsworn statement has been recognized by the Manual for Courts–Martial "since the adoption of the Uniform Code of Military Justice" and was "permitted prior to adoption of the Uniform Code...." *United States v. Partyka,* 30 MJ 242, 246 (CMA 1990). *See, e.g.,* para. 75c (2)(c) and 53h, Manual for Courts–Martial, United States, 1969 (Revised edition); para. 75c (2), Manual for Courts–Martial, United States, 1951; para. 76, Manual for Courts–Martial, U.S. Air Force, 1949; §§ 359, 419, and 614, Naval Courts and Boards, 1937.

In *United States v. Rosato,* 32 MJ 93, 96 (1991), we observed that an accused's right to make an unsworn statement "is a valuable right ... [that has] long been recognized by military custom" and that has been "generally considered unrestricted." We also noted that the right was not wholly unrestricted and that it would be inappropriate, for example, for an unsworn statement to include matter that was "gratuitously disrespectful toward superiors or the court [or] a form of insubordination or defiance of authority."

In *Rosato,* we observed that the portion of the unsworn statement precluded by the military judge, which concerned the service's rehabilitation program, did not include any matter that should have been restricted. We also recognized that the accused could include in an unsworn statement matters that were not admissible in evidence on sentencing and that "any concern of the military judge with muddying the sentencing waters could have been adequately addressed in his instructions." *Id.* (citing *United States v. Breese,* 11 MJ 17 (CMA 1981)).

## II

Prior to the sentencing proceeding in the present case, trial counsel asked the military judge to preclude any reference to sentences received by appellant's civilian co-conspirators on the ground that such evidence was not relevant. Defense counsel responded by noting that he did not "intend to elicit any such evidence" and would not "argue any evidence of other sentences to the members of the court" but that appellant intended to exercise his right to make an unsworn statement under RCM 1001(c) and *Rosato.*

The portion of appellant's proposed unsworn statement challenged by trial counsel read as follows:

There have been two additional factors which have made waiting during the last year even more difficult. One is knowing that my friends, the men who are weight lifters just like me and who were equally involved with steroids, have received such favorable treatment while I am being treated so harshly. It is my understanding that one of them ..., who was in the United States on a visa, was simply asked to leave and that no charges were brought against him. Another of my friends ... was charged months ago, plead [sic] guilty, just like I have, and received only probation. Then he was allowed to move to Korea even though he was convicted and on probation. Finally, it is my understanding that no charges have ever been brought against [the third civilian conspirator], and may never be brought against him.

The fact that everyone else received such lenient treatment, and that [the first two friends] have had their cases over and done with, while I am still waiting after so much time, makes this entire situation really hard for me.

The military judge sustained trial counsel's objection, ruling that the material was "clearly inappropriate to present to members" and was objectionable as irrelevant and confusing under Mil.R.Evid. 402 and 403, Manual, *supra* (1995 ed.).

### III

█ We need not decide in this case whether the challenged statement, if presented as sworn testimony, would have been admissible under the rules of evidence during sentencing. As noted in *Rosato*, an accused's right to allocution in the form of an unsworn statement, while not wholly unconstrained, has been broadly construed for decades. The matters presented in the proposed unsworn statement in the present case were no more objectionable than the matters concerning the rehabilitation program that the defense sought to present in the unsworn statement in *Rosato*. In the context of the proposed unsworn statement in the present case, it was error for the military judge to restrict the appellant's right of allocution.

### IV

█ Although the court below expressed concern that the information contained in appellant's unsworn statement could be "confusing and misleading to the members," unpub. op. at 2, we have confidence that properly instructed court-martial panels can place unsworn statements in the proper context, as they have done for decades. A military judge has adequate authority to instruct the members on the meaning and effect of an unsworn statement. *See* para. 2–37, Military Judges Benchbook at 2–46 (Dept. of the Army Pamphlet 27–9 (Change 1 Sept. 1985)). Such instructions, as well as trial counsel's opportunity for rebuttal and closing argument, normally will suffice to provide an appropriate focus for the members' attention on sentencing.

█ Under the Manual and *Rosato*, the right to make a statement in allocution is not wholly unfettered, but if there are abuses, they should be addressed in the context of the statements made in specific cases. The mere fact that a statement in allocution might contain matter that would be inadmissible if offered as sworn testimony does not, by itself, provide a basis for constraining the right of allocution. If, in the future, the Manual's traditional, largely unfettered right of allocution should lead to a plethora of mini-trials, the President has the authority to provide appropriate guidance in the Manual for Courts–Martial. Under the present rules, however, as we noted in *Partyka*, 30 MJ at 246, "[S]o long as this valuable right is granted by the Manual for Courts–Martial, we shall not allow it to be undercut or eroded." *See also United States v. Martinsmith*, 41 MJ 343, 349 (1995) (right to make unsworn statement "considered an important right at military law, whose curtailment is not to be lightly countenanced").

### V

The decision of the United States Air Force Court of Criminal Appeals is affirmed as to findings but reversed as to sentence. The sentence is set aside. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing on sentence may be ordered.

Chief Judge COX and Judge SULLIVAN concur.

CRAWFORD, Judge (dissenting):

I dissent. The majority overlooks RCM 1001, Manual for Courts–Martial, United States (1995 ed.), Mil.R.Evid. 403, Manual, *supra*, and *Green v. United States*, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961) (discussing what remedial action to take when there is an error). The military judge did not abuse his discretion in prohibiting appellant from including information on the disparate treatment of others in his unsworn statement because allowing him to do so would have been "highly confusing and misleading potentially to the members."

The majority apparently would permit mini-trials during sentencing concerning selective prosecution and disparate treatment. These are matters that could be raised by motion prior to trial. Under the majority rule, an individual who is tried for fraternization could make an unsworn statement regarding how 20 or 30 senior individuals were treated for conduct similar to his own. This may well result in a mini-trial on this matter.

## DISCUSSION

Sentencing is an important part of the criminal process. That is especially true when, as here, the defendant has pled guilty. In the military, the sentencing procedure is an adversary proceeding where both sides are afforded the opportunity to admit evidence. Sentencing is especially important because the sentencing authority has broad discretion. Generally, there are no fixed sentences,[1] no mandatory minimum sentences, and no sentencing guidelines. Sentencing can range from no punishment to the maximum punishment, or to any of the alternatives between these extremes.

The right of a defendant, military or civilian, to speak to the sentencing authority is based upon procedural rules[2] and not the United States Constitution. Historically, military law permitted defendants to speak prior to sentencing because, generally, defendants were not permitted to testify and were not represented by counsel.[3]

In the past, we have held that the Rules of Evidence apply to sentencing absent a contrary provision in those Rules or the Rules for Courts–Martial.[4] We should not jettison any of these rules simply because the information is part of an unsworn statement.

RCM 1001(a)(1)(B) provides that, after findings, the defense may present evidence in extenuation and mitigation. This includes an unsworn statement by the accused "both in extenuation, in mitigation or to rebut matters presented by the prosecution...." RCM 1001(c)(2)(A). While the Manual provides for relaxation of the modes of proof, it does not provide for relaxation of hearsay rules, except as provided in RCM 1001(c)(3), or admission of evidence that is not relevant to the sentencing officials.

RCM 1001(c)(1) defines matters in extenuation and mitigation as follows:

(A) *Matter in extenuation.* Matter in extenuation of an offense serves to explain the circumstances surrounding the commission of an offense, including those reasons for committing the offense which do not constitute a legal justification or excuse.

(B) *Matter in mitigation.* Matter in mitigation of an offense is introduced to lessen the punishment to be adjudged by the court-martial, or to furnish grounds for a recommendation of clemency. It includes the fact that nonjudicial punishment under Article 15 has been imposed for an offense growing out of the same act or omission that constitutes the offense of which the accused has been found guilty, particular acts of good conduct or bravery and evidence of the reputation or record of the accused in the service for efficiency, fidelity, subordination, temperance, courage, or any other trait that is desirable in a servicemember.

This Court has recognized that the right to make an unsworn statement is not unlimited. *United States v. Fox,* 24 MJ 110 (1987)(prior sexual behavior of sexual offense victim may not be admitted); *United States v. Teeter,* 16 MJ 68 (1983)(defendant may not use sentencing statement as a vehicle to challenge Court's findings of guilt in litigated case); *United States v. Quesinberry,* 12 USCMA

---

1. The offense of murder, however, under certain circumstances, has a required sentence of either death or life imprisonment. Para. 43e, Part IV, Manual for Courts–Martial, United States (1995 ed.); Art. 118(1) and (4), UCMJ, 10 USC § 918(1) and (4).

2. *See* Fed.R.Crim.P. 32(c)(3)(C); *see also* Paul W. Barrett, *Allocution,* 9 Mo.L.Rev. 115 (1944).

3. For a history of the right of the military defendant to speak, see *United States v. Britt,* 44 MJ 731 (A.F.Ct.Crim.App.1996).

4. *United States v. Irwin,* 42 MJ 479, 482 (1995); *United States v. Prevatte,* 40 MJ 396, 397 n. * (CMA 1994).

609, 31 CMR 195 (1962)(court members not entitled to be instructed on specific consequences of bad-conduct discharge); *United States v. Tobita,* 3 USCMA 267, 12 CMR 23 (1953)(following conviction of rape accused could not use unsworn statement to deny use of force); *see also United States v. McElroy,* 40 MJ 368 (CMA 1994)(although generally judge should not instruct on collateral, administrative consequences of sentence, judge's instructions on veteran's vested benefits were not substantially erroneous).

Without more information about what happened to appellant's friends in the civilian community, the excluded evidence does not fall within the definition of extenuation or mitigation evidence under RCM 1001(c)(1). Even if it did fall within those categories, Mil.R.Evid. 403 permits the judge to exclude legally relevant evidence if it would confuse the issue, unduly delay the trial, mislead the panel, or result in a waste of time. Whether the judge's ruling is correct is judged on an abuse of discretion standard. The judge ruled in this case that the evidence was potentially misleading and "highly confusing." Hence, examining the issue under this Court's deferential standard, there was no abuse of discretion.

Even when there is an allocution error, the remedy does not necessarily require reversal. *See Green v. United States, supra.* In *Green,* the trial judge asked the defendant and counsel, "Did you want to say something?" The defense attorney, not the defendant, responded. Justice Frankfurter, speaking for a plurality of the Court, held that Fed.R.Crim.P. 32(a) requires the trial judge to offer a defendant the right to speak for himself. The Court recognized that the most "persuasive counsel" may not be the lawyer but the defendant speaking for himself. 365 U.S. at 302–04, 81 S.Ct. at 654–55. Even though Green was not unambiguously addressed and given the right of allocution, the Court affirmed because Green did not show he was denied his right to allocution.

The right of allocution is not constitutionally required. When a defendant has adequate representation by counsel and has been afforded the opportunity to introduce relevant evidence at trial, it is questionable whether a restriction on the right of allocution, especially in a case such as this one, should result in resentencing.

I would affirm the decision of the court below.

GIERKE, Judge (dissenting):

I disagree with the majority's conclusion that the military judge erred by precluding appellant from mentioning the sentences imposed by civilian courts on other drug abusers.

Our standard of review on admission of sentencing matters is highly deferential. We reverse only for a clear abuse of discretion. *United States v. Zakaria,* 38 MJ 280 (CMA 1993). This Court has consistently upheld the military judge's discretion to exclude irrelevant sentencing evidence. *See United States v. Becker,* 46 MJ 141, 143 (1997) (military judge may properly exclude evidence on sentencing that is irrelevant); *United States v. Loving,* 41 MJ 213, 273 (1994) (even in capital cases military judge has discretion to exclude evidence having little probative value), *aff'd on other grounds,* 517 U.S. 748, 116 S.Ct. 1737, 135 L.Ed.2d 36 (1996). Certainly, we would not hold that the accused's "largely unfettered" right of allocution would require the military judge to permit him to read the Manhattan telephone book to the court members. 48 MJ at 133.

In *United States v. Mamaluy,* 10 USCMA 102, 106, 27 CMR 176, 180 (1959), this Court observed that "it has long been the rule of law that the sentences in other cases cannot be given to court-martial members for comparative purposes." The majority overrules this principle sub silentio.

I believe that there was no abuse of discretion in this case because the sentences imposed on civilians by civilian courts were irrelevant. A civilian court's attitude toward abuse of anabolic steroids by civilians has no relevance to the need for good order and discipline in the armed forces. In my view the military judge was well within the limits of his discretion when he excluded any mention of the civilian court sentences. I would affirm the decision of the court below.