UNITED STATES, Appellee,

v.

Jose F.S. SIMOY, Senior Airman,
U.S. Air Force, Appellant.

No. 97–7001.
Crim.App. No. 30496.

U.S. Court of Appeals for
the Armed Forces.

Argued July 14, 1998.

Decided Oct. 20, 1998.

Sullivan, J., filed concurring opinion.

Gierke, J., filed concurring opinion.

Effron, J., filed concurring opinion.

CRAWFORD, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN, GIERKE and EFFRON, JJ., joined. SULLIVAN, GIERKE, and EFFRON, JJ., filed concurring opinions.

For Appellant: *Lieutenant Colonel Charles L. Carpenter*, USAFR, and *Captain Harold M. Vaught* (argued); *Lieutenant Colonel Kim L. Sheffield* and *Major Kevin P. Koehler* (on brief); *Colonel Douglas H. Kohrt*.

For Appellee: *Lieutenant Colonel Michael J. Breslin* and *Captain Mitchel Neurock* (argued); *Colonel Brenda J. Hollis* (on brief); *Colonel Theodore J. Fink* and *Major LeEllen Coacher*.

Judge CRAWFORD delivered the opinion of the Court.

Appellant was convicted in July 1992 at Andersen Air Force Base, Guam, of attempted murder, conspiracy to commit robbery, desertion terminated by apprehension, felony murder, and robbery, in violation of Articles 80, 81, 85, 118, and 122, Uniform Code of Military Justice, 10 USC §§ 880, 881, 885, 918, and 922, respectively. He was sentenced to be put to death, forfeit all pay and allowances, and be reduced to the lowest enlisted grade. The convening authority approved the sentence, and the Court of Criminal Appeals, in an *en banc* decision, affirmed the findings and sentence. 46 MJ 592 (1996). This case is presented to this Court for mandatory review. Art. 67(a)(1), UCMJ, 10 USC § 867(a)(1)(1994). Appellant has assigned 49 issues in this case.

We agree with the court below as to all of the issues related to the findings. We will discuss the following issue:

> WHETHER THE MILITARY JUDGE COMMITTED REVERSIBLE ERROR WHEN HE REPEATEDLY INSTRUCTED THE MEMBERS THAT THEY WERE TO VOTE ON ANY SENTENCE PROPOSED WHICH INCLUDED DEATH BEFORE ANY SENTENCE PROPOSALS INCLUDING LIFE.

We hold that the military judge committed plain error when he failed to instruct the members to vote first on the lightest proposed sentence. *United States v. Thomas*, 46 MJ 311 (1997).

## Discussion

RCM 1006(d)(3)(A), Manual for Courts–Martial, United States (1995 ed.), states:

> All members shall vote on each proposed sentence in its entirety beginning with the least severe and continuing, as necessary, with the next least severe, until a sentence is adopted by the concurrence of the number of members required under subsection (d)(4) of this rule.

The military judge instructed the members as follows:

> If the aggravating circumstance has been found unanimously by proof beyond reasonable doubt, and if one or more members proposed consideration of the death sentence, begin your voting by considering the death sentence proposal, which have the lightest additional punishment if any.

In order for the death penalty to be imposed in the military, four gates must be passed:

(1) Unanimous findings of guilt of an offense that authorizes the imposition of the death penalty, RCM 1004(a)(2);

(2) Unanimous findings beyond a reasonable doubt that an aggravating factor exists, RCM 1004(b)(7);

(3) Unanimous concurrence that aggravating factors substantially outweigh mitigating factors, RCM 1004(b)(4)(C); and

(4) Unanimous vote by the members on the death penalty, RCM 1006(d)(4)(A). *See Loving v. Hart*, 47 MJ 438, 442 (1998).

If at any step along the way there is not a unanimous finding, this eliminates the death penalty as an option. The instructions to the members should make these four gates clear and also note that, even if gates (1), (2), and (3) are passed, they may not vote on the death penalty first if there is a proposal by any member for a lesser punishment, *i.e.*, life in prison.

The failure to give the instruction requiring voting on the lightest proposed sentence first is a plain, clear, obvious error that affected the substantial rights of appellant. *United States v. Thomas, supra*. We reject the Government's argument and also the opinion below, insofar as it holds that the failure to object to the instruction and the submission of a defense-requested instruction constitute a waiver or forfeiture of this issue.

Some of those members who voted for the death penalty in this case might have agreed with life in prison. Thus, unless they held out on their vote for the lesser punishment of

life, three-fourths might very well have agreed on life in prison rather than death. Thus, it was important for the members to understand that, because of requirements for unanimous votes, any one member at any stage of the proceeding could have prevented the death penalty from being imposed.

The decision of the United States Air Force Court of Criminal Appeals is affirmed as to findings but is reversed as to the sentence. The sentence is set aside. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing on the sentence may be ordered.

SULLIVAN, Judge (concurring):

The first issue in this case should also be resolved in appellant's favor. It asks:

WHETHER THE MILITARY JUDGE ERRED BY EXCLUDING MITIGATION EVIDENCE INFORMING THE MEMBERS THAT THE ACTUAL KILLER, DENNIS SIMOY, WOULD NOT FACE THE DEATH PENALTY.

The right of a capital defendant to present mitigation evidence under the Constitution is very broad. *See Boyd v. French*, 147 F.3d 319, 325–26 (4th Cir.1998). Moreover, as a matter of federal statutory law, it is a mitigation factor that "[a]nother defendant or defendants, equally culpable in the crime, will not be punished by death." 18 USC § 3592(a)(4) and 21 USC § 848(m)(8). *See United States v. Beckford*, 962 F.Supp. 804, 811–13 (E.D.Va.1997) (discussing state and federal case law). RCM 1004(b)(3), Manual for Courts–Martial, United States, 1984, likewise provides a military accused facing the death penalty a broad right to present mitigation evidence.

I strongly disagree with the military judge and the Court of Criminal Appeals that some general doctrine against the comparison of court-martial sentences undermines *the relevance* of the proffered evidence in this capital case. Admittedly, appellant is not legally entitled to the same or a lesser sentence as his brother, the actual triggerman in this

case. *See Hatch v. State of Oklahoma*, 58 F.3d 1447, 1466–67 (10th Cir.1995). However, to hold the triggerman's fate is irrelevant in appellant's case, a nontriggerman participant in the same murder, ignores applicable federal practice without reason. *See generally* Article 36, Uniform Code of Military Justice, 10 USC § 836 (apply the principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts). This is a capital case, and Mil.R.Evid. 401, Manual, *supra*, must be applied consistently with RCM 1004(b)(3). *See generally* RCM 1001(c)(3) (rules of evidence relaxed during sentencing).

GIERKE, Judge (concurring):

I agree completely with the majority opinion. I write separately to express my views on Issue I, in order to avoid another reversible error at any sentence rehearing that may be ordered.

In my view the military judge erred by excluding evidence that the actual killer would not face the death penalty. Dennis Simoy, the triggerman, was facing trial by the same sovereign for his participation in appellant's crime. While 18 USC § 3592(a)(4) and 21 USC § 848(m)(8) are not directed at courts-martial, they are persuasive authority that Congress considers the sentence of a co-actor relevant in federal capital cases.

EFFRON, Judge (concurring):

I agree that it is appropriate to limit the holding on sentencing to Issue III, which is dispositive. With respect to Issue I, which is addressed by Judges Sullivan and Gierke, I note that our opinion in *United States v. Grill*, 48 MJ 131 (1998), as well as the practice in federal civilian death penalty cases, in light of Article 36, Uniform Code of Military Justice, 10 USC § 836, *see* 18 USC § 3592(a)(4) and 21 USC § 848(m)(8), raise serious questions as to the validity of the ruling by the military judge excluding information about the sentence of a co-actor.