CRAWFORD, Judge
(concurring in the result):
I write separately to mourn our missed opportunity to clarify, modify, or overrule this Court’s opinion in United States v. Grill, 48 M.J. 131 (C.A.A.F.1998). Instead, this Court again leaves counsel and military judges in Alice’s position:
“It seems very pretty,” she said when she had finished it, “but it’s rather hard to understand!” (You see she didn’t like to confess, even to herself, that she couldn’t make it out at all.) “Somehow it seems to fill my head with ideas — only I don’t know exactly what they are!”[1]
As if describing the theory that parallel lines eventually meet in space, the majority posits that somewhere, some material exists that, when offered in an unsworn statement, a military judge, bearing in mind “Grill’s general preference for contextual instruction rather than outright preclusion,” may preclude consideration of information on the basis that it “in context is outside the scope of R.C.M. 1001.” 61 M.J. at 486.
*487 Grill was certainly not such a case and, apparently, neither is Appellant’s. And so the great dance continues. Grill recognizes a nearly unfettered right to introduce matters, such as sentence comparisons in an unsworn statement, and today’s lead opinion reassures military judges that they should follow Grill and “place unsworn statements in proper context” by telling the members that the sentence comparisons are irrelevant and should be excluded from their sentencing considerations.
In the end, this practice probably does more to detract from an accused’s credibility and the effectiveness of his presentencing case than if the President were to eliminate the unsworn statement altogether. Because military judges dare not exclude such matters, when an accused and his counsel weave the thread of sentence comparison (or other, as yet undetermined matters) through the accused’s unsworn statement, the last thing court members will hear before they begin their sentence deliberations is the military judge telling them that much of what the Appellant asked them to consider was baloney.
Until we revisit Grill, return the unsworn statement to a form more consistent with law and history, and reassure military judges that they may exercise reasonable control over the sentencing case, the carousel will continue to operate.

. Lewis Carroll, Through the Looking Glass and What Alice Found There 24 (William Morris & Co., Inc. 1993)(1872) (Alice's observation after using the looking glass to read "Jabberwocky.”).