# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, AND WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant DAVID I. MARTINEZ**
**United States Army, Appellant**

ARMY 20160084

U.S. Army Military District of Washington
Tyesha L. Smith, Military Judge
Colonel John P. Carrell, Staff Judge Advocate

For Appellant:  Major Andres Vazquez, Jr., JA; Captain Joshua B. Fix, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA; Captain Austin L. Fenwick, JA (on brief).

13 March 2017

---------------------------------
OPINION OF THE COURT
---------------------------------

WOLFE, Judge:

Appellant pleaded guilty to performing a sexual act on a child under the age of sixteen and four specifications of committing lewd acts on that same child, his adopted daughter.[1]  We address appellant's sole assigned error that the military judge improperly restricted the scope of his unsworn statement.[2]  We determine the military judge did not abuse her discretion when she prohibited appellant's trial defense counsel from reading a letter from appellant's pastor as part of appellant's unsworn statement.

---

[1] All five specifications alleged a violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b (2012) [hereinafter UCMJ].

[2] We considered the various claims of error personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they lack merit.

**BACKGROUND**

As part of his negotiated guilty plea, appellant stipulated to the relevant facts of the case.

Appellant was married on 1 January 2007.  After the marriage, appellant adopted his wife's children, including EM.  Appellant began sexually abusing EM when she was thirteen years old.  Specifically, on divers occasions, appellant entered his adopted daughter's room while she was awake and would kiss her and rub her breasts and genitalia.  Appellant's molestation included penetration.  Appellant stipulated that he was grooming EM for the sexual abuse, and had, for example, asked EM if she wanted to see his penis.

The military judge sentenced appellant to a dishonorable discharge, confinement for twelve years, and a reduction to the grade of E-1.  The convening authority approved the sentence as adjudged, deferring and waiving forfeitures for the benefit of appellant's family.

**DISCUSSION**

At the conclusion of the defense's sentencing case, the defense attorney informed the military judge that appellant would be making an unsworn statement which would come in two parts.  One part would be an oral statement from appellant.  The other part would be given by counsel.  Counsel's statement, however, consisted of reading a letter from appellant's pastor into the record.

The government objected to reading a letter from someone who was not the accused as part of a statement by the accused.  The government also objected to reading the letter on the grounds of hearsay and authenticity.  The military judge sustained the government's objection.  Therefore, any error by the military judge was preserved.   Accordingly, we review de novo the question of law whether an accused's unsworn statement may include reading the statements of others.

Importantly, while the military judge sustained the government's objection, she also ensured the defense knew there was a way to introduce the letter.  Specifically, the military judge gave appellant the opportunity to offer the letter as an exhibit and invited appellant to relax the rules of evidence to overcome the government's evidentiary objections.  Appellant declined to relax the rules of evidence.[3]

---

[3] This decision appears entirely tactical.  The military judge elicited from appellant's counsel that if they could not introduce the pastor's letter as part of appellant's unsworn statement, then the defense did not want the court-martial to consider the letter.

The limits of an accused's rights to give an unsworn statement, while broad, are "not wholly unfettered." *United States v. Grill*, 48 M.J. 131, 133 (C.A.A.F. 1998). While Rule for Courts-Martial [hereinafter R.C.M.] 1001(c)(2)(A), purports to limit an accused's unsworn statement to matters "in extenuation, in mitigation or to rebut matters presented by the prosecution," this limit has never been strictly enforced in light of its traditional place as "an important right at military law." *Grill*, 48 M.J. at 133.

In other cases, we have wrestled with the tension created by an accused's right to make an unsworn statement and the military judge's authority to control the courtroom and limit the introduction of impermissible information to the members. *See United States v. Feliciano*, ARMY 20140766, 2016 CCA LEXIS 512, at *13 (Army Ct. Crim. App. 22 Aug. 2016), *pet. granted on other grounds*, 2016 CAAF LEXIS 1042. Our superior court has specifically sanctioned, for example, allowing an accused to make an unsworn statement containing impermissible information and then having the military judge instruct the panel to "ignore" the impermissible portion of the accused's statement. *United States v. Talkington*, 73 M.J. 212, 218 (C.A.A.F. 2014). However, this is not the issue here. Broadly speaking, the letter appellant wished to have read into the record contained relevant evidence in mitigation. That is, the letter likely falls within the type of information the defense is permitted to introduce during sentencing under R.C.M. 1001(c).

The issue this case presents is that the unsworn statement being offered was not authenticated, was hearsay, and was not *from the accused.*

Simply stated, appellant's argument is that the nearly unfettered right of an accused to make an unsworn statement includes the right to introduce the statements of others. There would not appear to be any logical limitation to this understanding.[4] For the reasons below, we find the military judge did not err in limiting appellant's unsworn statement to statements by the appellant.

First, the plain language of the rule limits an unsworn statement to that of the accused. R.C.M. 1001(c)(2) provides for an unsworn statement "by the accused." Even when such statements are made through counsel they remain a statement "by the accused" through his or her agent.

Second, the rules of evidence apply during court-martial presentencing procedures. Military Rule of Evidence [hereinafter Mil. R. Evid.] 1101(a). While an accused has wide latitude to discuss his own feelings and thoughts, and as

---

[4] Indeed, we have seen cases where the military judge has considered an accused's entire "Good Soldier Book"–to include letters, photos, and other documents–as part of the accused's unsworn statement. *See, e.g., Feliciano*, 2016 CCA LEXIS 512, at *11.

discussed below, the military judge may relax the rules of evidence, there is no rule-based exemption from the rules of evidence during an accused's unsworn statement. There are, however, several case-made exceptions. In a series of cases all decided within a week of each other, our superior court delineated some of the limits that apply to unsworn statements. *United States v. Barrier*, 61 M.J. 482 (C.A.A.F. 2005); *United States v. Johnson*, 62 M.J. 31 (C.A.A.F. 2005); *United States v. Sowell*, 62 M.J. 150 (C.A.A.F. 2005). In each of these cases, the Court of Appeals for the Armed Forces (CAAF) stated, to a lesser or greater degree, that the rules of evidence are not to be strictly applied to an accused's unsworn statement.[5] *See, e.g.*, *Johnson*, 62 M.J. at 37 ("the unsworn statement is an opportunity for an accused to bring information to the attention of the members or a military judge . . . without ordinary evidentiary constraints."). However, in none of these cases did the CAAF apply the more liberal view of the Rules of Evidence to the statements of someone other than the accused.

Additionally, it is unclear from these three cases whether the open evidentiary aperture for unsworn statements was predicated on the rules of evidence being relaxed at trial. That is, is the CAAF's view of evidentiary flexibility when it comes to unsworn statements conditioned on the rules of evidence being relaxed or does it exist separately and apart from the accused's ability to ask the military judge to relax the rules of evidence? We believe the former to be the correct answer.

Third, R.C.M. 1001(c)(3) specifically provides for the accused to relax the rules of evidence to allow for the admission of "letters, affidavits, certificates of military and civil officers, and other writings of similar authenticity and reliability." Thus, there is a rule which specifically allows an accused the broad ability to introduce sentencing evidence without strict adherence to the rules of evidence. This rule is tailor-made to allow appellant to do exactly what he wanted to do here– introduce a letter from his pastor.

Of course, relaxing the rules of evidence carries with it the concomitant risk that the government may be able to introduce negative information on rebuttal under R.C.M. 1001(d), which they otherwise would not have been able to introduce. But, under appellant's reading of the rules, R.C.M. 1001 could be bypassed by simply presenting the entire defense sentencing case through an accused's unsworn statement without the requirement to relax the rules of evidence.

---

[5] Recently, the UCMJ was amended to provide certain crime victims the right to be heard on sentencing. UCMJ art. 6b(a)(4). The President promulgated R.C.M. 1001A(b)(4) to clarify that the right to be heard in non-capital cases may be made through a sworn or unsworn statement. It is not yet clear whether the rules of evidence will be applied in an equal manner to both types of unsworn statements.

If appellant is correct and counsel may read the statement of a third person into the record as part of an accused's unsworn statement without moving to relax the rules of evidence, then the entire balance struck by the architecture of R.C.M. 1001 becomes unhinged. Many an accused would choose to introduce the entire defense sentencing case through their accused's unsworn statement. Such statements are not subject to cross-examination and as "statements by the accused" are not even subject to discovery. *See* R.C.M. 701. We find that whatever the exceptions to the Military Rules of Evidence and Rules for Courts-Martial that might apply to an accused's unsworn statement, they are not so large as to swallow the rules themselves.

## CONCLUSION

The findings and sentence are AFFIRMED.

Senior Judge MULLIGAN and Judge FEBBO concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5