# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, HAGLER, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 NICHOLAS A. YANCEY**
**United States Army, Appellant**

ARMY 20120393

Headquarters, U.S. Army Cyber Center of Excellence
John S. Irgens and Frederic P. Gallun, Military Judges
Colonel Scott F. Young, Staff Judge Advocate

For Appellant: Major Julie L. Borchers, JA; Captain Steven J. Dray, JA (on brief); Lieutenant Colonel Tiffany D. Pond, JA; Major Julie L. Borchers, JA; Captain Steven J. Dray, JA (on reply brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Captain Joshua B. Banister, JA; Captain Sandra L. Ahinga, JA (on brief).

28 February 2019

--------------------------------
SUMMARY DISPOSITION
--------------------------------

BURTON, Senior Judge:

Following a rehearing authorized by this court,[1] appellant's case is again before us for review under Article 66, UCMJ. Appellant raises seven errors, one of which merits discussion and some relief. Specifically, appellant asserts the evidence is insufficient to find that child pornography existed in the four charged videos. We agree that the evidence for one of the videos is insufficient, and we also find that

---

[1] On 24 April 2012, a military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of possessing child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) (UCMJ). The convening authority approved the adjudged sentence of a bad-conduct discharge and confinement for eight months. On 8 December 2014, this court set aside the findings of guilty and authorized a rehearing. *United States v. Yancey*, 2014 CCA LEXIS 892 (Army Ct. Crim. App. 8 Dec. 2014) (mem. op.).

one of the videos involves conduct of which appellant was acquitted at the initial trial. As such, we grant partial relief.

At the rehearing, a panel of officers[2] sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of possessing four videos of child pornography, in violation of Article 134, UCMJ. The panel sentenced appellant to a bad-conduct discharge, confinement for six months, and forfeiture of all pay and allowances. The convening authority approved only so much of the adjudged sentence as provided for a bad-conduct discharge and confinement for six months.

## LAW AND DISCUSSION

Article 66, UCMJ, establishes our statutory duty to conduct a de novo review of the legal and factual sufficiency of a conviction. *United States v. Walters*, 58 M.J. 391, 395 (C.A.A.F. 2003). Under Article 66, we may affirm only those findings of guilty that we find correct in law and fact and determine, based on the entire record, should be approved. *Id.*

The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987). In applying this test, this court is "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001) (citations omitted).

---

[2] In our review of the record, we noticed that the panel members were not announced on the record. *See* Rule for Courts-Martial (R.C.M.) 813(a)(4) (stating the military judge "shall ensure" that the "names and ranks of the members" are announced). However, pursuant to our review of the record, we note: (1) the military judge identified on the record that the panel would consist of nine members, (2) the military judge had the panel members review the convening order to ensure their names were spelled correctly, (3) no problems or objections were raised during trial, (4) we are able to account for eight of the nine members through individual voir dire or the fact that the member spoke or asked a written question during the trial, and (5) appellant has not assigned any errors or otherwise offered any evidence that his panel contained an interloper or that any member who should have sat on his case was absent. *See, e.g.*, *United States v. McElroy*, 40 M.J. 368 (C.M.A. 1994); *United States v. Kaopua*, 33 M.J. 712 (A.C.M.R. 1991). While we find any error to be harmless, "our conclusion in no way diminishes the duty of military judges to comply with R.C.M. 813(a)(4)." *McElroy*, 40 M.J. at 371.

In weighing factual sufficiency, we apply "neither a presumption of innocence nor a presumption of guilt." *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). "[A]fter weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we must be] convinced of the [appellant's] guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325.

*Sufficiency of the Evidence – Fourth Video*

Because of its charging decision, the government was required to prove that the appellant "knowingly possess[ed]" the four charged video files "between on or about 24 September 2010 and 23 November 2010." As such, the critical issue we must decide is not whether the appellant knowingly possessed these video files at *any* time, but whether he did so "on or about" the dates charged.

According to Ms. NH, the government expert witness, the fourth charged video ("{2f3cdd40-c18b-11df-95cc-002564527239}{3808876b-c") was found in the system volume information folder (SVIF) and included a fragmented movie file containing snippets of various movies. Ms. NH testified that the SVIF is a hidden folder that contains restore points for the computer and referred to it as a "snapshot" of the computer at a set point in time. Perhaps most succinctly, Ms. NH stated, "I testified that it was located in the system volume information file. I couldn't find it when I went back and restored to that previous point in time, but *it did exist at some point in time. I just can't tell you when.*"

The defense expert, Mr. TS, similarly testified about the fourth charged video. According to Mr. TS, "the problem with system volume information and the issue of where this particular file as found is that *we cannot place a date on that file, so I can't say that at any point a user actually knew that file was there.* So I don't have an original filename. It's kind of like being in unallocated space. I don't have an original filename. I don't have a created date or a modified date and I can't tell, because I don't have a filename, when this file was potentially deleted by the user. Or even if the user knew that that file existed on the computer."

In *United States v. Navrestad*, our superior court (CAAF) defined what constitutes knowing "possession" of child pornography in a similarly charged case. 66 M.J. 262, 267-68 (C.A.A.F. 2008). The CAAF imported the definition of "possess" contained in the Explanation to Article 112a, UCMJ, when conducting its legal sufficiency review. *Id*. at 267. Because Navrestad did not have actual possession or constructive possession of child pornography under that definition, the CAAF held that the evidence was legally insufficient. *Id*. at 268. *See also United States v. King*, 78 M.J. 218, 222-23 (C.A.A.F. 2019) (citing *Navrestad* in explaining how possession of child pornography "differs in material ways from mere viewing" of child pornography); *United States v. Schempp*, ARMY 20140313, 2016 CCA LEXIS 147 (Army Ct. Crim. App. 26 Feb. 2016) (mem. op.).

In this case, no evidence was presented to show that appellant had actually used the SVIF to restore the fourth charged video to his computer or that appellant even knew the file was located in the SVIF. Overall, we find the evidence is factually insufficient to show that appellant was knowingly in possession of this video during the charged period of time.

*Appellant's Acquittal for the Second Charged Video*

During the rehearing, the military judge conditionally dismissed the second charged video ("Preview-T-28313051-pedo - 11 year old kids have sex 2.mpg") contingent upon the third charged video ("pedo - 11 year old kids having sex 2.mpg") surviving appellate review.

However, on appeal, appellant alleges – and the government concedes – that appellant was *acquitted* of possessing the second charged video during his initial trial. As such, the second video should be dismissed, regardless of whether the third video survives appellate review. *See United States v. Trew*, 68 M.J. 364, 368 (C.A.A.F. 2010) (explaining that double jeopardy principles prohibit a reviewing court from rehearing any incidents for which an accused was found not guilty).

**CONCLUSION**

While we grant relief for the second and fourth charged videos, we are convinced beyond a reasonable doubt that appellant knowingly possessed the remaining two videos. As such, we AFFIRM only so much of the finding of guilty of The Specification of The Charge as provides:

> In that [appellant], U.S. Army, did, at or near Fort
> Gordon, Georgia, on divers occasions between on or about
> 24 September 2010 and 23 November 2010, wrongfully
> and knowingly possess images of child pornography as
> defined in 18 USC sec. 2256(8), including the files:
> "Preview-T-47400964-blonde 10yo girl and boy play sex -
> R@ygold - PTHC - Pedo - Hussyfan - Babyshvid -
> Zadoom - ChildFugga - Lolita - Kiddy - Child Porn -
> Illegal - Ddoggprn.jpg.mpg" and "pedo - 11 year old kids
> having sex 2.mpg" contained on a Dell Inspiron 1545
> laptop computer, Model HA90PE1-00, Serial Number
> 42CJZJ1, which conduct was prejudicial to the good order
> and discipline of the Armed Forces and was of a nature to
> bring discredit upon the Armed Forces.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our

superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape that might cause us pause in reassessing appellant's sentence. Additionally, the nature of the remaining offense still captures the gravamen of the original offense and the circumstances surrounding appellant's conduct. Finally, based on our experience, we are familiar with the remaining offense so that we may reliably determine what sentence would have been imposed at trial. We are confident that based on the entire record and appellant's course of conduct, the imposed sentence would have been that which was approved.

Reassessing the sentence based on the noted errors and entire record, we AFFIRM the sentence as approved. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

Judge HAGLER and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court