UNITED STATES, Appellee,

v.

Harry L. JEFFERY, Jr., Master
Sergeant, U.S. Air Force,
Appellant.

No. 96–1380.
Crim.App. No. 31708.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 12, 1998.

Decided July 17, 1998.

For Appellant: *Captain W. Craig Mullen*
(argued); *Lieutenant Colonel Kim L. Shef-
field* (on brief); *Colonel David W. Madsen*
and *Colonel Douglas H. Kohrt.*

For Appellee: *Lieutenant Colonel Michael
J. Breslin* (argued); *Colonel Theodore J.
Fink* (on brief).

*Opinion of the Court*

EFFRON, Judge:

In accordance with his pleas, appellant
was convicted by a general court-martial
composed of officer and enlisted members of
committing indecent acts with a minor (2
specifications), in violation of Article 134,
Uniform Code of Military Justice, 10 USC
§ 934. He was sentenced to a dishonorable
discharge, confinement for 2 years, and re-
duction to E–4. The convening authority ap-
proved these results, and the Court of

**230**

Criminal Appeals affirmed the findings and sentence.

This Court granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY LIMITING THE CONTENT OF AP- PELLANT'S UNSWORN STATEMENT BY PROHIBITING HIM FROM EX- PRESSING HIS DESIRE FOR AN AD- MINISTRATIVE RATHER THAN A PUNITIVE DISCHARGE AND THE FI- NANCIAL IMPACT WHICH WOULD RESULT FROM HIS LOSS OF RE- TIREMENT.

After full consideration of the parties' briefs and oral argument on this issue, we hold that the military judge erred and that a new sentencing proceeding is necessary.

I

In a written pretrial motion *in limine,* trial counsel sought to prevent the defense from making any comment through an unsworn statement by appellant, prior to sentencing or otherwise, "regarding the possibility of [appellant] receiving an administrative dis- charge if the Court–Martial does not puni- tively discharge [appellant]." Similarly, the Government asked the military judge "to or- der the defense not to introduce in any fash- ion evidence of the financial impact regarding the accused's potential loss of retirement benefits if reduced in rank or punitively dis- charged."

During the litigation of this motion, de- fense counsel stated that appellant, in his unsworn statement, would say that, "if he is not punitively discharged from the Air Force, it may be that he would be administratively discharged later on." Defense counsel did not present the details as to what appellant might say in his unsworn statement regard- ing the potential loss of retirement benefits, appellant having over 18 years of service at the time of trial, but he said: "I certainly think that it's fair comment in the evidence or in the unsworn statement presented dur- ing our sentencing case in chief to comment that if [appellant] is punitively discharged

certainly that precludes any form of retire- ment from the Air Force and any benefits therefrom."

The military judge ruled that "[t]he issue of whether [appellant] might be discharged administratively is irrelevant," and she "di- rect[ed] the defense that they will not men- tion a possible administrative discharge." Regarding retirement benefits, she ruled:

Now, if you want to say that if he gets kicked out and he's not going to be able to retire from the military, clearly that's ac- ceptable. On the other hand, if you're going to get into any kind of figures, amounts, or anything like that, I believe that is unacceptable, and there is some- where in-between that you're probably go- ing to end up and I don't know where that is. So, if you're going to play it this way and the Government objects to what you say I will immediately call a 39(a) session [Art. 39(a), UCMJ, 10 USC § 839(a) ].

II

A military accused's right of allocu- tion through an unsworn statement prior to sentencing is one of long-standing recogni- tion and is broad in scope. This Court ob- served in *United States v. Rosato,* 32 MJ 93, 96 (1991), that an accused's right to make an unsworn statement in sentencing "is a valu- able right ... [that has] long been recog- nized by military custom" and that has been "generally considered unrestricted." *Accord United States v. Grill,* 48 MJ 131 (1998); *United States v. Martinsmith,* 41 MJ 343 (1995); *United States v. Partyka,* 30 MJ 242 (CMA 1990).

We have acknowledged that this broadly construed right is not wholly uncon- strained. *See, e.g., Grill* and *Rosato.* At the same time, "[t]he mere fact that a statement in allocution might contain matter that would be inadmissible if offered as sworn testimony does not, by itself, provide a basis for con- straining the right of allocution." *Grill,* 48 MJ at 133. "[W]e have confidence that prop- erly instructed court-martial panels can place unsworn statements in the proper context, as they have done for decades." *Id.*

Whatever limits there might be on the right of allocution under the Manual for Courts-Martial and our case law, comments that address options to a punitive separation from the service and that address repercussions of such a separation on retirement eligibility and benefits are not outside the pale. *See also United States v. Becker*, 46 MJ 141, 142 (1997); *United States v. Greaves*, 46 MJ 133, 139 (1997). Accordingly, the military judge erred when she circumscribed, as she did, appellant's right of allocution in his unsworn statement.

### III

■ The decision of the United States Air Force Court of Criminal Appeals is affirmed as to findings but reversed as to sentence. The record of trial is returned to the Judge Advocate General of the Air Force for remand to the convening authority, who may either set aside the sentence and order a rehearing on sentence; or approve a sentence that does not include a punitive discharge.

Chief Judge COX and Judge SULLIVAN concur.

CRAWFORD, Judge (dissenting):

The defendant's right of allocution is not unlimited. *United States v. Grill*, 48 MJ 131, 133 (1998)(Crawford, J., dissenting). Members should not be mentally blind to the loss of retirement benefits when a punitive discharge is adjudged. *United States v. Greaves*, 46 MJ 133 (1997). However, the possibility of an administrative discharge involves too many confusing and collateral issues to be admissible.

If appellant is permitted to make an unsworn statement regarding the possibility of an administrative discharge, can the Government then introduce evidence that appellant's request for an administrative discharge in lieu of court-martial was disapproved? Can the Government also rebut the unsworn statement with evidence regarding the following: Who may initiate the request; how commanders view the charges against appellant; what other administrative actions have been taken; who would forward any requests; and who would be the approval authority? Not only does the possibility of a mini-trial exist but also one could argue that to answer some of these questions would amount to command influence. Thus, the better course is to avoid any comment by counsel or appellant on administrative discharges and, instead, simply instruct the court panel on the possibility.

GIERKE, Judge (dissenting):

The granted issue in this case asserts that the military judge prohibited appellant "from expressing his desire for an administrative rather than a punitive discharge." However, that factual assertion is not supported by the evidence of record. At trial, defense counsel asserted only that appellant wanted to state that, "if he is not punitively discharged from the Air Force, it may be that he would be administratively discharged later on." In my view the military judge was well within her discretion in excluding this vague and speculative reference to an administrative discharge. *See United States v. Britt*, 48 MJ 233, 234–35 (1998) (Gierke, J., concurring in the result).

With respect to retirement benefits, I believe that the record in this case shows a lot of gamesmanship but no justiciable issue. Defense counsel represented to the military judge that appellant would describe the financial impact of losing his expected retirement. In response to the Government's motion in limine, defense counsel refused to disclose what appellant would say in his unsworn statement. The military judge ruled that appellant would be permitted to talk generally about loss of retirement benefits, but not about financial details of his benefits. In his unsworn statement, appellant made no reference at all to retirement, even though the military judge had permitted him to do so. At the close of the trial, defense counsel submitted a written draft of appellant's oral unsworn statement. The draft contains no mention of retirement. Thus it appears to me that appellant has failed to show he was prevented from saying anything with respect to retirement benefits.

For the foregoing reasons I disagree with the majority's conclusion that the military judge abused her discretion. Accordingly, I dissent.