UNITED STATES, Appellee,

v.

Douglas R. BRITT, Sergeant, U.S.
Air Force, Appellant.

No. 97–0270.
Crim.App. No. 31804.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 12, 1998.

Decided July 17, 1998.

For Appellant: *Lieutenant Colonel Kim L. Sheffield* (argued); *Captain Marge A. Overly* (on brief).

For Appellee: *Major Karen L. Manos,* USAFR (argued); *Lieutenant Colonel Michael J. Breslin* (on brief).

*Opinion of the Court*

EFFRON, Judge:

In accordance with his pleas, appellant was convicted by a general court-martial composed of officer and enlisted members of using methamphetamine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced to a bad-conduct discharge, confinement for 30 days, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Criminal Appeals affirmed the findings and sentence. 44 MJ 731 (1996).

This Court granted review of the following issue:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED IN UPHOLDING THE MILITARY JUDGE'S IMPROPER AND PREJUDICIAL RESTRICTION ON APPELLANT'S UNSWORN STATEMENT, WHICH PREVENTED HIM FROM DISCUSSING HIS PERSONAL KNOWLEDGE OF HIS COMMANDER'S ADMINISTRATIVE DISCHARGE PLANS SHOULD APPELLANT NOT BE PUNITIVELY DISCHARGED.

We hold that the military judge erred in restricting appellant's unsworn statement, but appellant has failed to demonstrate material prejudice under Article 59(a), UCMJ, 10 USC § 859(a).

■ At an out-of-court session under Article 39(a), UCMJ, 10 USC § 839(a), held during the sentencing proceeding, trial counsel addressed defense exhibit W—a written copy of the unsworn statement that appellant planned to make during the presentencing proceedings—focusing on the following sentence in appellant's proposed statement: "It is my understanding from my conversations with Captain Levatino [his defense counsel] that if you do not punitively discharge me my commander will administratively discharge me from the Air Force." Trial counsel objected to that statement, explaining, "I believe that is inappropriate to put before the members, even in the context of an unsworn statement." The military judge sustained trial counsel's objection and ordered it redacted from the statement, commenting that the right to make an unsworn statement is "not an unfettered right."

In *United States v. Jeffery*, 48 MJ 229 (1998), we noted that the right of a military accused to make an unsworn statement during the sentencing proceedings traditionally has encompassed a broad right of allocution. While acknowledging "that this broadly construed right is not wholly unconstrained," we stated:

> Whatever limits there might be on the right to allocution under the Manual for Courts–Martial and our case law, comments that address options to a punitive separation from the service ... are not outside the pale. *See also United States v. Becker,* 46 MJ 141, 142 (1997); *United States v. Greaves,* 46 MJ 133, 139 (1997).

48 MJ at 231.

The primary focus of appellant's lengthy unsworn statement was a plea to avoid a punitive discharge. Immediately before the redacted sentence, appellant stated:

> I am ashamed at how I let down myself, my family, friends, commander, first sergeant, and co-workers. This was not the way I wanted to end my Air Force career and I hope you allow me to leave gracefully. I am scared that if you punitively discharge me I will never be able to attain my goal of being a doctor. I'm also worried that it will severely hamper my ability to take care of my family. Please remem-

ber that I'm already going to have to contend with a federal conviction.

In this context, the redacted sentence was intended to address a likely alternative to a punitive discharge, and the military judge erred when she ordered it to be redacted. *Id.*

■ We conclude, however, that appellant was not prejudiced by this error. The comment was somewhat vague and speculative, referring to appellant's "understanding" of conversations with defense counsel, the basis of which was not described. Moreover, trial counsel made it clear in his sentencing argument that a punitive discharge should not be viewed as a means of removing appellant from the service—the message appellant, himself, attempted to convey through the redacted sentence. The prosecutor argued that a punitive discharge was not a mechanism "to say good bye to Sergeant Britt. This is a way to characterize his service, his enlistment." Under these circumstances, we conclude that the military judge's error did not materially prejudice the substantial rights of appellant.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judge SULLIVAN concur.

CRAWFORD, Judge (concurring in the result):

I concur in the result based on my separate opinions in *United States v. Jeffery,* 48 MJ 229, 231 (1998), and *United States v. Grill,* 48 MJ 131, 133 (1998).

GIERKE, Judge (concurring in the result):

I disagree with the majority's holding that the military judge abused her discretion. In my view appellant's proffered reference to an administrative discharge was vague and speculative and had virtually no probative value.

In *United States v. Becker,* 46 MJ 141, 143 (1997), and *United States v. Loving,* 41 MJ 213, 273 (1994), this Court recognized that a military judge has discretion to exclude sen-

tencing evidence having little probative value. In my view the military judge did not abuse her discretion by excluding the evidence in this case. Accordingly, I concur in the result.