UNITED STATES

v.

Airman First Class Tracy D.
FRIEDMANN, United
States Air Force.

ACM S29718.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 28 July 1999.

Decided 25 Aug. 2000.

9. Chief Judge Snyder participated on this case prior to his retirement.

Appellate Counsel for Appellant: Colonel Jeanne M. Rueth and Major Stephen P. Kelly.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Ronald A. Rodgers, and Major Christopher Mathews.

Before YOUNG, Chief Judge, STARR, and BURD, Appellate Military Judges.

## OPINION OF THE COURT

YOUNG, Chief Judge:

In a special court-martial, the appellant pled guilty to absenting himself from his place of duty, dereliction of duty, wrongfully using marijuana on divers occasions, and wrongfully introducing marijuana onto a military installation. Articles 86, 92, 112a, UCMJ, 10 U.S.C. §§ 886, 892, 912a. His approved sentence consists of a bad-conduct discharge, confinement and forfeitures for 4 months, and reduction to E–1. In his sole assignment of error, the appellant claims the military judge abused his discretion by instructing the court to disregard a portion of the accused's unsworn statement. We disagree and affirm.

## I. Background

The accused rolled a marijuana cigarette from which he and four other airmen smoked. During his unsworn statement, the appellant told the court members that two of the four other airmen received nonjudicial punishment under Article 15, UCMJ, and general discharges for their drug use. He asked the members not to give him a bad-conduct discharge, but instead permit his commander to administratively discharge him.

After making a suggestion that was adopted by the military judge, the defense agreed to the military judge's sentencing instructions, which included the following passage:

Now, during his unsworn statement the accused indicated that his commander would initiate an administrative discharge against him if the court did not impose a punitive discharge. In that regard, you should consider the following language in AFI 36–3208, "Administrative Separation of Airmen," dated 14 October 1994, paragraph 1.21, subparagraph 3, "Limitations on Service Characterization:" "Do not discharge an airman under other than honor[able] conditions if the sole basis for discharge is a serious offense that resulted in conviction by a court-martial that did not adjudge a punitive discharge unless such characterization is approved by the Secretary of the Air Force."

In this case, if the court does not adjudge a punitive discharge, the accused might be subject to administrative discharge under other than honorable conditions only if a discharge authority found some other basis for the accused's discharge—in addition to the offenses that resulted in his conviction at this court-martial. If such other basis were found by the discharge authority or if the accused's command obtained specific approval by the Secretary of the Air Force, the discharge authority could—but would not be required to—impose an under-other-than honorable-conditions discharge. Otherwise the accused could only be discharged under honorable conditions.

You, of course, should not rely on any of this in determining an appropriate punishment for this accused for the offenses of which he stands convicted. The issue before you is not whether the accused should remain a member of the Air Force, but whether he should be punitively separated from the service. If you don't conclude the accused should be punitively separated from the service, than [sic] it is none of your business or concern as to whether anyone else might choose to initiate separation action, or how the accused's service might be characterized by an administrative discharge authority.

Now, also during his unsworn statement the accused indicated what happened to others for commission of some similar offenses. There is, of course, no evidence on that point, but even if there were, the disposition in other cases is irrelevant for your consideration in adjudging an appropriate sentence for this accused. You do not know all the facts of those other cases, nor anything about the accused's [sic] in those cases, and it is not your function to consider those matters in this trial. Likewise, it is not your position to second-guess the disposition of other cases, or even to try to place the accused's case in its proper place on the spectrum of some hypothetical scale of justice.

Even if you knew all the facts about other offenses and offenders, that would not enable you to determine whether the accused should be punished more harshly or more leniently, because the facts are different, and because the disposition authority in those other cases cannot be presumed to have any greater skill than you in determining an appropriate punishment. If there is to be any meaningful comparison of the accused's case to those of others similarly situated, it would come by consideration of the convening authority at the time he acts on the adjudged sentence in this case. The convening authority can ameliorate a harsh sentence to bring it in line with appropriate sentences in other similar cases, but he cannot increase a light sentence to bring it in line with similar cases. In any event, such action is within the sole discretion of the convening authority.

You, of course, should not rely on this in determining what is an appropriate punishment for this accused for the offenses of which he stands convicted. If the sentence you impose in this case is appropriate for the accused and his offenses, it is none of your concern as to whether any other accused was appropriately punished for his offenses.

You have the independent responsibility to determine an appropriate sentence, and you may not adjudge an excessive sentence in reliance upon mitigating action by higher authority. You must consider all the evidence in this case, and determine its relative importance by the exercise of your good judgment and common sense. Remember, that the accused is to be punished only for the offenses of which he has been found guilty by this court.

The appellant asserts that this instruction was an improper restriction on his right of allocution and had the same effect as prohibiting him from making reference to the dispositions in other cases. Although the appellant has not asserted error with regards to the military judge's instruction on administrative discharges, we think it is appropriate to include the issue in our discussion. Recognizing that he did not object to the military judge's instructions at trial, the appellant avers that, by giving the instruction, the military judge committed plain error.

## II. Discussion

Pursuant to his authority to prescribe rules of procedure and evidence, under Article 36(a), UCMJ, 10 U.S.C. § 836(a), the President has empowered the accused to make an unsworn statement to the court upon which he may not be cross-examined by the trial counsel or questioned by the court. Rule for Courts–Martial (R.C.M.) 1001(c)(2)(C). Although the President has the authority to restrict this right, he has chosen not to do so. The United States Court of Appeals for the Armed Forces (CAAF) considers the right of allocution to be virtually unrestricted, although perhaps not "wholly unconstrained." *United States v. Jeffery*, 48 M.J. 229, 230 (1998).

■ The military judge is required to give the members appropriate sentencing instructions. R.C.M. 1005(a). But, he has broad discretion in selecting which instructions to give. *See United States v. Greaves*, 46 M.J. 133, 139 (1997) (citing *United States v. Wheeler*, 38 C.M.R. 72, 75, 1967 WL 4375 (C.M.A.1967)). He must advise the members (1) of the maximum punishment, (2) the effect any sentence would have on the accused's entitlement to pay and allowances, (3) deliberation and voting procedures, (4) that they are solely responsible for selecting the sentence and must not rely on the possibility of mitigating action by higher authority, and (5) they should consider all matters in extenuation, mitigation, and aggravation, whether introduced before or after findings, and all other matters presented. R.C.M. 1005(e).

■ By failing to object to the instruction before the members closed to deliberate on the sentence, the appellant waived the objection in the absence of plain error. R.C.M. 1005(f). *United States v. Hall*, 46 M.J. 145, 146 (1997). Plain error is a doctrine that "is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Fisher*, 21 M.J. 327, 328–29 (C.M.A. 1986) (quoting *United States v. Frady*, 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). The appellant has the burden of establishing plain error. *United States v. Cardreon*, 52 M.J. 213, 216 (1999). To do so, he must demonstrate that the military judge committed error that is plain—clear or obvious—and materially prejudiced a substantial right—resulted in an unfair trial. *See United States v. Boyd*, 52 M.J. 758, 762 (A.F.Ct.Crim.App.2000).

■ By invoking the punishments received by two of the four airmen with whom he smoked marijuana—they received nonjudicial punishments and administrative discharges while his case was referred to court-martial—the appellant suggested to the court members that he had been unduly singled out for harsh and unfair treatment. Although an unsworn statement is not evidence, the military judge could have permitted the trial counsel to rebut statements of fact contained in it. R.C.M. 1001(c)(2)(C).

The trial counsel could have presented evidence to explain, repel, counteract or disprove the appellant's unsworn statement. *See United States v. Wirth*, 18 M.J. 214, 218 (C.M.A.1984) (defining purpose of rebuttal). Because of the wide latitude given to the defense in sentencing, the military judge would have been well within his discretion to afford the prosecution some latitude to prevent a one-sided picture being presented to the sentencing authority. *United States v. Blake*, 30 M.J. 184, 186 (C.M.A.1990).

■ But, we see no need for the military judge to waste the court's time by turning the sentencing proceeding into a hearing, during which the trial counsel is forced to justify his sentence recommendation and the court members are required to compare the relative culpability of other accused charged with the same or similar offenses.

> [T]he sentences in other cases cannot be given to court-martial members for comparative purposes. Aside from keeping the court from becoming involved in collateral issues, that principle is founded on the hypothesis that accused persons are not robots to be sentenced by fixed formulae but rather, they are offenders who should be given individualized consideration on punishment.
>
> . . .
>
> . . . In summation, proper punishment should be determined on the basis of the nature and seriousness of the offense and the character of the offender, not on many variables not susceptible of proof.

*United States v. Mamaluy*, 27 C.M.R. 176, 180–81, 1959 WL 3587 (C.M.A.1959). *Accord United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982).

■ The Court of Appeals for the Armed Forces has repeatedly held that collateral consequences of a court-martial conviction should not be the concern of the court-martial, and that instructions thereon should be avoided. *Hall*, 46 M.J. at 146 (citing *United States v. McElroy*, 40 M.J. 368, 371–72 (C.M.A.1994)). Whether these particular matters were collateral is unimportant. When an accused uses his virtually unrestricted unsworn statement to raise issues

for the members to consider, the military judge does not err in providing the court members accurate information on how to appropriately consider those matters in their deliberations. The CAAF recognized that military accused might attempt to confuse the court members during their unsworn statements, but expressed confidence that military judges could adequately resolve any confusion by appropriately tailoring the sentencing instructions. *United States v. Grill,* 48 M.J. 131, 132 (1998). That is exactly what this experienced military judge did.

We hold that the military judge did not err by so instructing the members. He did not restrict the appellant's unsworn statement. He merely provided accurate and balanced instructions that gave the members the ability to place the appellant's unsworn statement in proper perspective. Furthermore, we are unable to find any prejudice to this appellant. *See United States v. Britt,* 48 M.J. 233, 234 (1998). Such an instruction does not make a trial unfair.

The findings are correct in law and fact, and no error prejudicial to the substantial rights of the accused occurred. Accordingly, the findings and sentence are

AFFIRMED.

Judge STARR and Judge BURD concur.