ERDMANN, Judge
(concurring in the result):
I agree with the majority disposition of this case. I write separately, however, to express my view that United States v. Grill, 48 M.J. 181 (C.A.A.F.1998), creates an irreconcilable tension between the scope of pre-sentencing unsworn statements and the military judge’s obligation to provide proper instructions. That tension is obvious in this case: what the currently defined right to allocution through a pre-sentencing unsworn statement under Grill permits, the military judge takes away in a Friedmann instruction.[1]
This tension finds its origin in United States v. Rosato, 32 M.J. 93 (C.M.A.1991) where this court stated that the scope of unsworn statements is “generally considered unrestricted.” Id. at 96. The treatises relied upon in Rosato for the assertion that an unsworn statement is virtually unlimited must be considered in context. It is premised upon a right to make an unsworn statement that is distinctly different than the right currently established as part of military pre-sentencing procedure in the Manual for Courts-Martial, United States (2002 ed.) (2002 MCM).
The unsworn statement recognized in trials by courts-martial prior to implementation of the Uniform Code of Military Justice (UCMJ) in the 1951 Manual for Courts-Martial[2] was a pre-findings statement, as contrasted with the current pre-sentencing statement. The accused was permitted to make a statement “in the nature of an argument” which “by custom of the service” could also contain “allegations of fact, some of which may not have been presented to the court in the form of evidence during the course of the trial.”[3] As Colonel Winthrop notes in his treatise on military law, an accused was granted “very considerable freedom” before findings because “under the critical circumstances in which he is placed, *488 [the accused] should certainly be allowed the largest latitude of expression.”[4]
The 1928 Manual[5] established a pre-sen-tence procedure that did not provide for an unsworn statement or argument by counsel.[6] Under the 1928 MCM, the right to make an unsworn statement was provided only prior to findings, and was permitted “in denial, explanation, or extenuation of the offenses charged.”[7] At that time the unsworn statement played a key role in the actual defense against charges.[8]
Pursuant to the authority granted by Article 36(a), UCMJ, 10 U.S.C. § 836(a) (2000), the President adopted revised pre-sentencing procedures in the 1951 MCM. Those procedures included the right of an accused to make “an unsworn statement to the court in extenuation or mitigation of the offenses of which he stands convicted.”[9] The 1969 Manual[10] contained the same authority for an accused to make an unsworn statement “in mitigation or extenuation.”[11] The right was expanded in the 1984 Manual’s[12] Rules for Courts Martial (R.C.M.) to include an “unsworn statement ... in extenuation, in mitigation, or to rebut matters presented by the prosecution, or for all three purposes.”[13] The accused’s right to make an unsworn statement exists in that same form in the current version of the MCM.[14]
Although the historical underpinnings of the “unsworn statement” prior to the 1951 MCM are relevant to the scope of that “pre-findings” unsworn statement, they do not support the cortelusion that the “pre-sen-tence” unsworn statements are broader than as defined by the President. The right to make an unsworn statement on sentencing does not conflict with or diminish any constitutional or statutory right and should be enforced and interpreted as created by the President, i.e., to include matters in extenuation, mitigation and rebuttal.[15] These terms are well-defined and known in military practice but are not so broad as to be unrestricted.[16]
While I recognize that the majority opinion is following this court’s prior precedent in Chill and that the viability of Chill was not challenged in this case, I believe it is time to reconsider that precedent. In relying on the flawed premise that a pre-sentence unsworn statement is “unrestricted,” Chill engenders a procedure that unnecessarily complicates military justice proceedings. The military judge and counsel must sit by while the accused articulates information that is not in extenuation, mitigation or rebuttal. The military judge then instructs the members to ignore those portions of the unsworn statement. The result is unnecessary confusion and distraction that benefits neither the accused nor the Government.
*489 The scope of unsworn statements is defined by R.C.M. 1001 and the content is limited to extenuation, mitigation and rebuttal. There is no right for an unsworn statement to exceed that definitional scope. Where an accused seeks to make a pre-sentencing unsworn statement containing material that does not mitigate, extenuate, or rebut, the military judge should exclude that information as irrelevant to proper sentencing consideration. Such action not only preserves the accused’s rights as conferred by the Manual, it also prevents confusion, distraction and waste of time.

. See United States v. Friedmann, 53 M.J. 800 (A.F.Ct.Crim.App.2000). Awkward results have been spawned by Grill. See United States v. Tschip, 58 M.J. 275 (C.A.A.F.2003)(instruction giving members discretion to disregard the accused’s statement that if he did not get a punitive discharge he could still be administratively discharged); Friedmann (instruction to members that possible administrative discharge and disposition of other cases, both of which the accused mentioned in his pre-sentencing unsworn statement, should not be considered); United States v. Macias, 53 M.J. 728 (A.Ct.Crim.App.1999)(flnding error in preventing an unsworn statement from including information that accused would have to register as a sex offender, but suggesting that the military judge could have instructed that requirement to register as a sex offender was a collateral consequence of the conviction).

. Manual for Courts-Martial, United States (1951 ed.) (1951 MCM).

. George B. Davis, A Treatise on the Military Law of the United States 132-33 (3d ed. revised 1913).

. William Winthrop, Military Law and Precedents 299 (2d ed.1920 reprint).

. A Manual for Courts-Martial, U.S. Army (1928 ed.) (1928 MCM).

. Id. at paras. 79-81. See also A Manual for Courts-Martial, U.S. Army (1928 ed. corrected to April 20, 1943) paras. 79-81; Manual for Courts-Martial, U.S. Army (1949 ed.), paras. 79-81.

. 1928 MCM, para. 76. See also Navy Courts and Boards (1937 ed., reprinted 1945, including changes 1 and 2) § 419; Manual for Courts-Martial, U.S. Air Force (1949 ed.), para. 76.

. See United States v. Britt, 44 M.J. 731, 731-32 (A.F.Ct.Crim.App.1996), aff'd, 48 M.J. 233 (C.A.A.F.1998) (noting that the unsworn statement evolved from a time when an accused was not a competent witness and most accuseds were unrepresented. In such cases, the unsworn statement was a key part of an accused's defense to the charges).

. 1951 MCM, para. 75c (2).

. Manual for Courts-Martial, United States (1969 revised ed.) (1969 MCM).

. 1969 MCM, para. 75c(2).

. Manual for Courts-Martial, United States (1984 ed.) (1984 MCM).

. R.C.M. 1001(c)(2)(A).

. R.C.M. 1001(c)(2)(A), Manual for Courts-Martial, United States (2002 ed.).

. Although the rules of evidence "may” be relaxed (R.C.M. 1001(c)(3)), the limitations on un-sworn statements are not rules of evidence but rather are rules of procedure promulgated by the President.

. See R.C.M. 1001(c)(1).