# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Master Sergeant ALFRED L. PEMBERTON**
**United States Army, Appellant**

ARMY 20110127

Headquarters, III Corps and Fort Hood
Michael J. Hargis, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Mr. Frank J. Spinner, Esquire (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Captain Chad M. Fisher, JA; Captain Samuel Gabremariam, JA (on brief).

17 May 2013

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

YOB, Senior Judge:

A military judge sitting as a special court-martial convicted appellant, contrary to his pleas, of two specifications of maltreatment of a person subject to his orders, four specifications of wrongful sexual contact, two specifications of indecent exposure, and one specification of assault, in violation of Articles 93, 120, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 893, 920, 928 (2006 and Supp. III 2009) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1.  The convening authority (CA) approved the sentence as adjudged.  The CA denied appellant's requests to defer automatic forfeitures and the adjudged reduction in rank, and also denied appellant's request to waive automatic forfeitures for a period of six months.

The case is before this court for review under Article 66, UCMJ. We have considered the record of trial and written briefs of the parties in which appellant raises two assignments of error.

The first assignment of error alleges the evidence was legally and factually insufficient to support the findings. Article 66, UCMJ, provides that a Court of Criminal Appeals "may affirm only such findings of guilty . . . as it finds correct in law and fact." In performing this duty, this court must conduct a de novo review of both the legal and factual sufficiency of appellant's convictions. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011). The test for factual sufficiency, on the other hand, "involves a fresh, impartial look at the evidence, giving no deference to the decision of the trial court on factual sufficiency beyond the admonition in Article 66(c), UCMJ, to take into account the fact that the trial court saw and heard the witnesses." *Washington*, 57 M.J. at 399.

At the time of the offenses that led to his conviction, appellant was the first sergeant of a medical support company based at Fort Hood and deployed to Iraq. The charges involve a series of unwelcome sexual advances by appellant towards four female soldiers in his unit, two of whom were enlisted soldiers subordinate to his authority and two of whom were junior officers (a first lieutenant and a second lieutenant). All four of the victims testified during the government's case in chief that appellant had either unexpectedly grabbed and tried to kiss them, fondled them, exposed his penis, or grabbed their hand and forced them to touch his penis. All these actions happened in appellant's office, the workplace, or during official work related conversations. The victims expressed feelings of surprise at these sudden, unwanted sexual advances from someone who was part of the command leadership.

Another government witness lent credence to one victim's account by testifying that the victim appeared upset and emotionally distraught immediately after an incident in which the victim said appellant indecently exposed himself to her. Defense counsel called a witness who described this victim as looking "distressed" when she emerged from appellant's office after he had indecently exposed himself to her. The witness said he felt the need to ask the victim if she was "all right."

Appellant's defense counsel argued that appellant's actions towards the enlisted victims, as described in their testimony, did not amount to maltreatment. Counsel also argued the officer victims had expressed a romantic interest in appellant and therefore had a motive to lie about his advances, but the evidence introduced at trial provided little support for this theory. He ultimately argued in

the alternative that the incidents described in the victims' testimony did not happen, but if they did happen, everything described was consensual.  Evidence of this alternative theory is likewise absent.  Therefore, we find the evidence presented at trial meets the standards of legal and factual sufficiency necessary to support the findings of guilty for the charges of which appellant was convicted.

We next turn to appellant's second assignment of error, which concerns sentence appropriateness.  Appellant argues that his punitive discharge was too great a punishment considering his length of service, twenty-seven years at the time of trial; the fact that the offenses were committed after he was retirement eligible; and the tremendous negative impact on appellant and his family from the loss of anticipated retirement income and benefits.[1]  Specifically, appellant proclaims that, "It is unfortunate that the loss of retirement benefits for family members are tied by law to the execution of a punitive discharge."  Appellant suggests, "[I]f Congress will not ameliorate the deleterious impact of this connection, then it is appropriate for the Courts of Criminal Appeals to recognize and balance the harsh effects of the law."

We review sentence appropriateness de novo.  *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001).  Pursuant to our discretionary authority to review sentence appropriateness under Article 66, UCMJ, we make our determination by granting each appellant "individualized consideration" in light of "the nature and seriousness of the offense and the character of the offender.  *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 10 U.S.C.M.A. 102, 106–07, 27 C.M.R. 176, 180–81 (1959)).  Determining sentence appropriateness must be distinguished from clemency, which we are not authorized to grant.  *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010); United *States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988).  The power to review a case for sentence appropriateness is "highly discretionary" and intended to assure "that justice is done and that the accused gets the punishment he deserves." *United States v. Lacy*, 50 M.J. 286, 288 (C.M.A. 1999); *Healy*, 26 M.J. at 395. Clemency, on the other hand, is a function of "bestowing mercy" and "treating the accused with less rigor than he deserves."  *Healy*, 26 M.J. at 395.

When an accused is retirement eligible and faces a punitive discharge, the sentencing authority may consider evidence of estimated lost retirement pay, as a matter in mitigation to lessen the punishment.  *United States v. Luster*, 55 M.J. 67, 70–71 (C.A.A.F. 2001).  *See also United States v. Boyd,* 55 M.J. 217, 221 (C.A.A.F. 2001).  Matters in mitigation are introduced to lessen the punishment to be adjudged

---

[1] Appellant introduced evidence that nominal value of his future retirement benefits amounted to $1,198,632.00.

by the court-martial, or to furnish grounds for a recommendation of clemency. Rule for Courts-Martial [hereinafter R.C.M.] 1001(c)(1)(B). An accused has a broad right to present mitigation evidence to a court-martial on sentencing. *United States v. Becker*, 46 M.J. 141 (C.A.A.F. 1997). So long as the evidence in mitigation is relevant to lessening a pending punishment or to furnish grounds for a recommendation of clemency, that evidence may be introduced by the accused and weighed by the sentencing authority.

Our superior court has recognized that the repercussions from a sentence that affects retirement eligibility are valid considerations during sentencing. *Boyd*, 55 M.J. at 221; *United States v. Sumrall*, 45 M.J. 207, 208 (C.A.A.F. 1996); *United States v. Griffin*, 25 M.J. 423, 424–25 (C.M.A. 1988). *Cf. United States v. Jeffrey*, 48 M.J. 229, 231 (C.A.A.F. 2001). "[I]n reality, the impact of an adjudged punishment on the benefits due an accused who is eligible to retire is often the single most important sentencing matter to that accused and the sentencing authority." *Griffin*, 25 M.J. at 424. Similarly, in the context of forfeitures, military judges have long instructed panel members to specifically "consider the implications to the accused (and (his) (her) family) of such a loss of income." Dep't of Army, Pam. 27-9, Legal Services: Military Judge's Benchbook, pp. 65–67 (30 Jan. 1998). Given the broad latitude that an accused has to present matters in extenuation and mitigation, we conclude that the effect a sentence has on an accused's retirement benefits, and the impact of the loss of those benefits on innocent family members, constitutes a relevant factor in our determination of sentence appropriateness under Article 66, UCMJ.[2] *Cf. United States v. Davis*, 60 M.J. 469, 475 (C.A.A.F. 2005).

There is no doubt that military dependents make great sacrifices on behalf of soldiers. These dependents are recognized as a critical source of support to service members and the military, impacting both retention and readiness. Sondra Albano, *Military Recognition of Family Concerns: Revolutionary War to 1993*, Armed Forces & Soc'y, Winter 1994, at 283. By regulation, the U.S. Army imposes an official obligation on service members to financially support their dependent family members. Army Reg. 608-99, Family Support, Child Custody, and Paternity, para. 2-1 (29 Oct. 2003). At times, federal law authorizes direct payments of retirement benefits to certain dependents. Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408 (2006).

---

[2] These matters may be considered in another context as well, as our superior court has held that the "personal financial burdens confronting the accused or his family" is a matter relevant to clemency for the convening authority to decide. *Healy*, 26 M.J. at 396. The fact that they may be considered in the context of clemency does not preclude their consideration by the sentencing authority or this court in a determination of sentence appropriateness.

4

We are mindful of the financial impact court-martial sentences may have on innocent family members. Currently, Congress has authorized the Secretary of Defense to establish a program to pay monthly transitional compensation to dependents or former dependents of servicemembers who have been convicted of a dependent-abuse offense, such as sexual assault, battery, murder, and manslaughter. 10 U.S.C. § 1059 (2006). *See generally United States v. Lundy*, 60 M.J. 52, 55 (C.A.A.F. 2004). Family member victims of dependent-abuse offenses are eligible for transitional compensation when the servicemember's court-martial sentence includes a punitive discharge or total forfeitures, or the service member is administratively separated. 10 U.S.C. § 1059(b). However, Congress has not enacted similar legislation to address the situation where the innocent family members who are not themselves the victim of the crime suffer the collateral consequences of a sentence imposed as punishment. Contrary to appellant's argument, it is not incumbent on this court to substitute judicial action for legislative action where Congress has remained silent. Our role is to weigh the impact on family members along with all other matters within the entire record relevant to an appropriate sentence, and conclude whether the sentence, or a portion of the sentence, is appropriate in law and fact and should be affirmed. UCMJ art. 66.

We have given individualized consideration to the appropriateness of appellant's sentence in light of the nature of the offenses, appellant's service record, his evidence in extenuation and mitigation, including the impact on appellant and his family members from the loss of his retirement income, and the entire record of trial. Notwithstanding appellant's significant mitigation evidence, this must be considered in conjunction with the offenses that reflect appellant's gross abuse of authority and victimization of his fellow soldiers in a combat environment. Appellant used his leadership position as a senior non-commissioned officer and first sergeant of his unit, under the guise of providing counseling, to sexually harass two female privates inside the closed confines of his office. As first sergeant, appellant was also entrusted to help develop and mentor the two junior female lieutenants in his unit, who had much less military experience than he. Instead, appellant victimized the first lieutenant by repeatedly groping and kissing her, and forcing her to touch his penis through his clothing on one occasion and forcing her to touch his exposed erect penis on another. Appellant used the false pretext of discussing official business to lure a second lieutenant into his office only to expose his penis to her as well. Significantly, appellant committed these offenses while deployed to a combat environment, a place where the requirement for unit cohesion and readiness is at its greatest importance. Thus, in consideration of all of the aforementioned factors, we find appellant's sentence as adjudged and approved by the convening authority to be appropriate.

Although not raised by appellant, we also note that certain aspects of trial counsel's argument were improper. During the sentencing argument, the trial counsel commented:

> The military is grasping at straws at ways to prevent
> sexual assaults on Soldiers, especially Soldier-on-Soldier
> sexual assault. Society itself is engulfed in the question
> of whether the United States military takes this
> misconduct seriously . . . .
> . . . .
>
> The military can speak that it takes sexual assault
> seriously; but, unless we act with judicial action
> commensurately to the crime that's been committed, it is
> only empty rhetoric, Your Honor.

Since defense counsel did not object to trial counsel's argument, we review the statements for plain error. *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007); R.C.M. 1001(g). A trial counsel may not purport to speak for the convening authority or any higher authority, refer to the views of such authorities or any policy directive relative to punishment during sentencing argument. R.C.M. 1001(g). It is error for trial counsel to make arguments that inflame the passions, prejudices, or fears of the sentencing authority. *See United States v. Marsh*, 70 M.J. 101, 106 (C.A.A.F. 2011) (citations omitted). By the same token, trial counsel may not inject irrelevant matters into argument. *Id.*

We find that trial counsel's argument to be plain and obvious error. Military law recognizes five principles for court-martial sentences: (1) rehabilitation; (2) punishment; (3) protection of society; (4) preservation of good order and discipline; and (5) deterrence. Dep't of the Army Pamphlet 27–9, Legal Services: Military Judge's Benchbook, para. 2-5-21 (1 Jan. 2010); R.C.M. 1001(g). Here, trial counsel argued facts not in evidence that were ultimately irrelevant to the five principles of sentencing. Trial counsel impermissibly argued for a higher sentence to exhibit resolve to outside critics of the military by punishing appellant severely. Trial counsel also inappropriately invoked the need to support the "rhetoric" of military officials so as not to render their pronouncements against sexual assault in the military empty. However, despite this impermissible argument, nothing in the record rises to the level of clear evidence necessary to overcome the presumption the the judge correctly applied the law concerning permissible argument and followed it. *Erickson*, 65 M.J. at 225; *United States v. Raya*, 45 M.J. 251, 253 (C.A.A.F. 1996). We therefore find no prejudice to appellant as we presume the military judge was able to distinguish between proper and improper argument and to disregard the improper comments.

## CONCLUSION

On consideration of the entire record, including the matters personally raised by appellant under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we find appellant's arguments to be without merit. We hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Judge KRAUSS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court