# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman GAVIN R. DUENAS
### United States Air Force

## ACM S32181

## 15 October 2014

Sentence adjudged 30 July 2013 by SPCM convened at Nellis Air Force Base, Nevada. Military Judge: William C. Muldoon.

Approved Sentence: Bad-conduct discharge, confinement for 4 months, forfeiture of $1,010.00 pay per month for 4 months, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Christopher D. James.

Appellate Counsel for the United States: Major Daniel J. Breen; Major Mary E. Payne; and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

This opinion is subject to editorial correction before final release.

ALLRED, Chief Judge:

In accordance with his pleas, the appellant was convicted of absence without leave, failure to obey a general regulation, and wrongful use of methamphetamine in violation of Articles 86, 92, and 112a, UCMJ, 10 U.S.C. §§ 886, 892, 912a. A panel of officer members sentenced the appellant to a bad-conduct discharge, confinement for 4 months, forfeiture of $1,010 pay per month for 4 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

Before this court, the appellant makes two assignments of error: (1) the plea to one of the absence without leave specifications was improvident, and (2) trial counsel's

argument during sentencing was improper. Finding no error materially prejudicial to the substantial rights of the appellant, we affirm.

*Providence of Plea*

Specification 1 of Charge I alleges the appellant wrongfully absented himself from his assigned place of duty, "to wit: Building 295, located at Nellis Air Force Base, Nevada." Before this court, the appellant now claims his appointed place of duty at the time in question was not in fact Building 295 but was instead the Military Personnel Flight (MPF) where he had a scheduled appointment. The appellant contends this variance in location renders his plea improvident.

We review the military judge's acceptance of the plea for an abuse of discretion, while any question of law created by that plea is reviewed de novo. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "In doing so, we apply the substantial basis test [and look for] something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322; *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991). "An accused must know to what offenses he is pleading guilty," *United States v. Medina*, 66 M.J. 21, 28 (C.A.A.F. 2008), and a military judge's failure to explain the elements of the charged offense is error. *United States v. Care*, 40 C.M.R. 247, 253 (C.M.A. 1969). Accordingly, "a military judge must explain the elements of the offense and ensure that a factual basis for each element exists." *United States v. Barton*, 60 M.J. 62, 64 (C.A.A.F. 2004) (citing *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996)).

Here, we find nothing that would raise a substantial question regarding the appellant's guilty plea. The providence inquiry in this case established that, on the day in question (1) the appellant's "normal" duty location was Building 295; (2) the appellant had an authorized appointment at the MPF on the day in question; (3) when not at his MPF appointment, the appellant was required to be on duty at Building 295; and (4) upon arriving at the MPF, the appellant decided to reschedule his appointment, and thereafter, without authorization went home to bed instead of returning to Building 295. Under these circumstances, we find the appellant's behavior amounted to wrongfully absenting himself from Building 295, as alleged. This assignment of error is without merit.

*Sentencing Argument of Trial Counsel*

The appellant claims that trial counsel's sentencing argument impermissibly blurred the distinction between a punitive discharge and an administrative separation, and that his sentence should therefore be set aside. We disagree.

During the sentencing phase, the military judge gave the members the standard instructions regarding their ability to impose a bad-conduct discharge, including advisement that such a discharge is a severe punishment and has a stigma recognized by our society. The members were also instructed that a punitive discharge would deny the appellant "advantages which are enjoyed by one whose discharge characterization indicates he has served honorably."

During sentencing argument, trial counsel stated:

> This is why a bad conduct discharge is appropriate in this case, because that is how his service should be characterized. It should be used as a punishment for the misconduct he committed while he was here in the military. The military judge instructed you, a few minutes ago, that there's a stigma associated with a bad conduct discharge, and there absolutely is. And in this case it's warranted because his service deserves that characterization. Certain benefits are -- give the person with an honorable discharge -- they're entitled to certain benefits -- educational benefit, VA benefits and when someone who's served their country honorably, who is standing in line to get these benefits, who did everything that we asked of them, never engaged in any of this behavior, who constantly said no, no, no, I'll take the higher road; I have problems but I'll take the high road.

In rebuttal to defense arguments that a punitive discharge was not warranted, trial counsel added:

> The bad conduct discharge itself isn't going to prevent the opportunities lost like the defense wants you to believe. More than that it's a certain characterization of his service, and at some point we have to draw a line. We can argue in every case, not this case -- not this case. The other ones were way worse. They deserve BCDs, not us. But at some point we have to draw the line and say, "Look, enough is enough. Your service can't be characterized as honorable anymore. We have to punish you with a bad conduct discharge." . . . But the reality is this draws the line, and after abusing Meth for 3 months, three separate UAs -- Spice, AWOL, not seeking treatment until after preferral of charges, the line has been drawn. His service can't be characterized as honorable anymore. A BCD is necessary and proper as punishment for the misbehavior he did engage in despite the rest of his

career, and that's why it's important that this panel today adjudge a BCD, 7 months confinement, reduction to E-1, and two-thirds forfeiture.

Trial defense counsel did not object to trial counsel's argument.

Improper argument is a question of law that we review de novo. *United States v. Pope*, 69 M.J. 328, 334 (C.A.A.F. 2011). Absent objection, argument is reviewed for plain error. *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007). To prevail, the appellant must prove that: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)) (internal quotation marks omitted). "[T]he argument by a trial counsel must be viewed within the context of the entire court-martial. The focus of our inquiry should not be on words in isolation, but on the argument as 'viewed in context.'" *United States v. Baer*, 53 M.J. 235, 238 (C.A.A.F. 2000) (quoting *United States v. Young*, 470 U.S. 1, 16 (1985)). "An error is not 'plain and obvious' if, in the context of the entire trial, the [appellant] fails to show the military judge should [have intervened sua sponte.]" *United States v. Burton*, 67 M.J. 150, 153 (C.A.A.F. 2009). "[T]he lack of a defense objection is some measure of the minimal impact of [trial counsel's] improper comment." *United States v. Gilley*, 56 M.J. 113, 123 (C.A.A.F 2001) (quoting *United States v. Carpenter*, 51 M.J. 393, 397 (C.A.A.F. 1999)) (internal quotation marks omitted).

Examining trial counsel's argument in the context of the entire court-martial, we find no blurring of the distinction between a punitive discharge and administrative separation. A prosecutor may argue during sentencing that a bad-conduct discharge is a proper way to characterize an accused's service or enlistment. *United States v. Britt*, 48 M.J. 233, 234 (C.A.A.F. 1998). The possibility of an accused receiving an administrative discharge in the event a punitive discharge is not adjudged is a collateral matter that should not be of concern to the court-martial. *See United States v. Tschip*, 58 M.J. 275, 277 (C.A.A.F. 2003). We find the argument properly commented on the appropriateness of a bad-conduct discharge as punishment and did not suggest that a punitive discharge be used simply to separate the appellant from the Air Force. *See United States v. Greska*, 65 M.J. 835, 838 (A.F. Ct. Crim. App. 2007). The argument was in line with the military judge's instructions that a punitive discharge would appropriately deprive the appellant of those benefits reserved for those who have served honorably.

Moreover, even if trial counsel's argument were error, there was no plain error, nor did the argument materially prejudice the substantial rights of the appellant. The assignment of error is without merit.

ACM S32181

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM S32181