**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**First Lieutenant STEPHANIE E. FRICK**
**United States Air Force**

**ACM 38642**

**27 January 2016**

Sentence adjudged 7 May 2014 by GCM convened at Royal Air Force Lakenheath, United Kingdom. Military Judge: Dawn R. Eflein.

Approved Sentence: Dismissal and confinement for 3 months.

Appellate Counsel for Appellant: Captain Michael A. Schrama.

Appellate Counsel for the United States: Lieutenant Colonel Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

MITCHELL, TELLER, and KIEFER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

KIEFER, Judge:

Appellant was convicted, pursuant to her pleas, of three specifications of use and two specifications of distribution of controlled substances on multiple occasions.[*] A panel of officer members sentenced her to confinement for 3 months and a dismissal. Appellant alleges that the military judge improperly instructed the panel regarding a possible administrative discharge and that her sentence was inappropriately severe.

---

[*] We note in Specification 3 of the Charge the word "methylenedioxymethamphetamine" is misspelled on the court-martial order (CMO). It was properly alleged on the charge sheet. We direct promulgation of a corrected CMO.

Finding no error that materially prejudices a substantial right of Appellant, we affirm the findings and sentence.

*Background*

Appellant, an officer assigned to RAF Lakenheath, pled guilty to wrongful uses of ecstasy and psilocybin mushrooms as well as wrongful distributions of these same controlled substances. Appellant's uses of controlled substances were with other military members, including enlisted Airmen from her unit, and she distributed controlled substances to other military members on multiple occasions.

*Sentencing Instruction*

Appellant objected at trial and alleges again on appeal that the military judge improperly instructed the members with regard to references in Appellant's unsworn statement to a possible administrative discharge. The assignment of error, however, fails to specify in what way the sentencing instruction was in error. Appellant simply argues that an instruction in line with that of *United States v. Talkington*, 73 M.J. 212 (C.A.A.F. 2014), which focused on sex offender registration, was improper. At trial, defense counsel argued for an addition to the military judge's proposed instructions to include that "[p]ursuant to Air Force regulations the accused's commander is required to make a recommendation regarding administrative discharge based on her conviction for these offenses." The military judge noted that the administrative consequences of a conviction were collateral to the sentencing issue and also speculative as they were dependent on the as then undetermined sentence.

The instruction the military judge ultimately provided was virtually identical to the one used in *United States v. Salcedo*, ACM 34651, unpub. op. at 2 (A.F. Ct. Crim. App. 26 July 2002), and substantially the same as the instruction provided in *United States v. Friedman*, 53 M.J. 800, 801–02 (A.F. Ct. Crim. App. 2000), concerning unsworn statement references to administrative discharges. As these cases note, while an appellant's right to allocution may be very broad, military judges may provide instructions to the members to limit these statements and place them in their proper context within the presentencing proceeding. *See United States v. Grill,* 48 M.J. 131, 133 (C.A.A.F. 1998).

We review a military judge's decision to give a sentencing instruction for an abuse of discretion. *United States v. Hopkins*, 56 M.J. 393, 395 (C.A.A.F. 2002) (citing *United States v. Greaves*, 46 M.J. 133 (C.A.A.F. 1997). "The military judge has considerable discretion in tailoring instructions to the evidence and the law." *Id.* In this case, the military judge did not abuse her discretion with regard to the instruction provided to the members concerning Appellant's reference to a possible administrative discharge following trial.

*Sentence Severity*

Appellant also challenges the severity of her sentence, in particular the dismissal. This court reviews sentence appropriateness de novo. *United States v. Lane,* 64 M.J. 1, 2 (C.A.A.F. 2006). We may "affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson,* 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad,* 69 M.J. 138, 146 (C.A.A.F. 2010).

In evaluating the sentence in this case of 3 months confinement and a dismissal, we find the sentence as adjudged to be correct in law and fact based on the entire record. Appellant was found guilty pursuant to her pleas of wrongfully using and distributing ecstasy and illegal mushrooms on multiple occasions. Further, the uses and distribution included other military members, including two enlisted members within Appellant's unit.

After reviewing the entire record and giving individualized consideration to the nature and seriousness of the offenses and the character of the offender, we are convinced the sentence is appropriate. *See United States v. Snelling,* 14 M.J. 267, 268 (C.M.A. 1982).

*Conclusion*

The approved findings and sentence are correct in fact and law, and no error materially prejudicial to the substantial right of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859a, 866(c). Accordingly, the approved findings and sentence are **AFFIRMED.**

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

3                                                                                    ACM 38642