# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

———————————

### No. 201600063

———————————

### UNITED STATES OF AMERICA
Appellee

v.

### ANDREW R. HARDEN
Sergeant (E-5), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel David M. Jones, USMC.
For Appellant: Lieutenant Commander Derek C. Hampton, JAGC, USN.
For Appellee: Major Corey A. Carver, USMC;
Lieutenant James M. Belforti, JAGC, USN.

———————————

Decided 6 December 2016

———————————

Before MARKS, FULTON, and GROHARING, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, in accordance with his pleas, of two specifications of failure to obey a lawful general order and three specifications of failure to obey another lawful order in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (2012). The military judge sentenced appellant to be reduced to paygrade E-1, 34 days' confinement, and a bad-conduct discharge.

The appellant raises three assignments of error: First, he alleges that the government violated the terms of the pretrial agreement (PTA) by objecting to evidence in extenuation and mitigation, and that his pleas were therefore improvident. Second, he contends that the lawful general order prohibiting Marine recruiters from having intimate relationships with high school students and recruits violates the Equal Protection Clause of the Fifth Amendment to the Constitution. Finally, he alleges that the convening authority (CA) erred in proceeding to court-martial, as both of the potential recruits named in the specifications requested he not be court-martialed. The second and third assignments of error are raised personally by the appellant.[1] We find no error and affirm.

## I. BACKGROUND

In October 2014, the appellant met two female high school students, MK and NS, while serving as a Marine Corps recruiter. The appellant initiated sexually explicit discussions with both students and solicited a sexually suggestive photograph from MK. Ultimately, the appellant had sexual intercourse with both NS and MK.

The appellant's command learned of his misconduct and began an investigation. On 12 December 2014, the appellant's commanding officer issued a military protective order (MPO) prohibiting the appellant from contacting any Marine "poolees" (recruited individuals not yet on active duty), applicants, high school students, and anyone related to recruiting or to the investigation into his misconduct. In spite of the order, the appellant continued to contact both MK and NS. The appellant sent Facebook messages and text messages to MK, and letters to NK, who by then was attending Air Force basic training in Lackland, Texas.

On 9 April 2015, the appellant's commanding officer issued another MPO, specifically prohibiting the appellant from contacting NS and ordering him to stay at least 500 feet away from her home. The appellant violated this order by visiting NS in Lackland, Texas.

The appellant entered into a PTA with the CA in which he agree to plead guilty to two specifications alleging that he failed to obey a lawful general order prohibiting inappropriate social and sexual relationships between recruiters and potential recruits and three specifications alleging that he violated military protective orders issued after the command began to investigate his misconduct. In one of the specially negotiated terms of the pretrial agreement, the government agreed not to object to "the admission

---

[1] *See United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

into evidence of written statements in extenuation and mitigation from witnesses."[2]

At the presentencing proceeding, the appellant unsuccessfully sought to introduce two emails from his recruiting station's commanding officer, Major H. In the first email, sent to the CA before the appellant's case was referred to trial, Major H opined that "[a]n Other Than Honorable (OTH) Discharge, although still damaging, will facilitate employment more than a Bad Conduct Discharge (BCD). I would technically prefer a Separation in Lieu of Trial (SILT) in order to get [the appellant] out of the command as soon as possible . . . ."[3]

In the second email,[4] Major H seems to explain to two other officers that the appellant had been following the advice of counsel when he had demanded that his command return his cell phone to him, claiming that his constitutional rights had been violated. Major H's email seems to suggest that the appellant had been poorly served by this legal advice, and that the appellant would not have made such a demand absent such legal advice.

The trial counsel objected to the admission of the both emails, arguing that they were not relevant and not proper extenuation or mitigation evidence. The military judge sustained the objections.

## II. DISCUSSION

In his first assignment of error, the appellant alleges that the government's objection to the two emails violated their agreement not to object to written statements from witnesses in extenuation and mitigation in the PTA. We disagree.

We review issues involving the interpretation of a PTA *de novo. United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F 2009). We will not overturn a military judge's interpretation of a PTA unless the appellant shows (1) the term of the PTA in question was material to his decision to plead guilty, and (2) the circumstances in the case amount to government noncompliance. *Id.*

The government concedes their agreement not to object to written statements in extenuation and mitigation was material to the appellant's decision to plead guilty. We must therefore decide whether the government's objection to the two emails violated this term. We find that it does not.

Matters in extenuation serve "to explain the circumstances surrounding the commission of an offense, including those reasons for committing the

---

[2] Appellate Exhibit VIII at 3.

[3] Defense Exhibit D (for identification) at 2.

[4] *Id.* at 1.

offense which do not constitute a legal justification or excuse." RULE FOR COURTS-MARTIAL 1001(c)(1)(A), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). Matters in mitigation serve "to lessen the punishment to be adjudged by the court-martial, or to furnish grounds for a recommendation of clemency." *Id.* at 1001(c)(1)(B.). Matters in mitigation may include "particular acts of good conduct or bravery and evidence of the reputation or record of the accused in the service for efficiency, fidelity, subordination, temperance, courage, or any other trait that is desirable in a servicemember." *Id.* Other typical examples of evidence in extenuation and mitigation include things such as an appellant's mental health history, antisocial traits, work and school performance, history of physical or sexual abuse, diminished capacity, and socio-economic status. *See e.g.*, *United States v. Akbar*, 74 M.J. 364, 375-76 (C.A.A.F. 2015); *United States v. Tangpuz*, 5 M.J. 426, 427, 430 (C.M.A. 1978).

Neither email amounts to evidence in extenuation or mitigation. In *United States v. Britt*, 44 M.J. 731 (A.F. Ct. Crim. App. 1996), *aff'd*, 48 M.J. 233 (C.A.A.F. 1998), that appellant argued that a military judge erred by preventing him from informing the court during his unsworn statement that if he did not receive a punitive discharge, he would be administratively separated. The Air Force Court of Criminal Appeals, however, found that such a statement qualified as neither extenuating nor mitigating evidence: "Nothing about the speculative possibility of an administrative discharge explains the circumstances of appellant's crime (extenuation), nor is it a matter going to the peculiar fidelity, valor, or character of his service (mitigation)." *Id.* at 735.

The two emails in question here are, like the expectation of administrative separation, not relevant to considerations of extenuation or mitigation. Neither email provides any information about the circumstances of the appellant's offenses or the reasons he committed them. They do not provide any information about the appellant that might tend to reduce the adjudged sentence, such as particular acts of good conduct or bravery, or evidence his reputation or record of efficiency, fidelity, subordination, temperance, courage, or other desirable traits. We find that information about legal advice the appellant received and information about the internal deliberative process that resulted in the referral are not relevant to considerations of extenuation or mitigation. Therefore the trial counsel did not breach the pretrial agreement by objecting to the admission of the two emails.

We have considered the errors raised personally by the accused in the second and third assignments of error and find them to be without merit. *See United States v. Clifton*, 35 M.J. 79 (C.A.A.F. 1992).

## III. CONCLUSION

The findings and sentence are affirmed.

For the Court



R.H. TROIDL
Clerk of Court